IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HYLA GOLD, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CLEAR CHANNEL COMMUNICATIONS, INC. and CLEAR CHANNEL OUTDOOR HOLDINGS, INC,<br><br>Defendants. | Civil Action No.<br>1:07-CV-08204-DLC |

**DEFENDANTS' ANSWER TO
COMPLAINT AND DEFENSES**

Defendants, Clear Channel Communications, Inc. and Clear Channel Outdoor Holdings, Inc. ("Defendants"), by and through its attorneys, Morgan, Lewis & Bockius LLP, hereby answer the Complaint of Plaintiff Hyla Gold ("Plaintiff") in the above-captioned matter by admitting, denying and averring as follows:

**NATURE OF THE ACTION**

1.    Except to admit that Clear Channel Outdoor Holdings, Inc. ("Clear Channel Outdoor") is a subsidiary of Clear Channel Communications, Inc. ("Clear Channel"), and that Clear Channel Outdoor is in the business of providing outdoor advertising products, Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 1 of the Complaint.

2.    Defendants admit the allegations in Paragraph 2 of the Complaint.

3.    Except to admit that Defendants employee individuals to sell and service their outdoor advertisement space, defendants deny the allegations in Paragraph 3 of the Complaint,

and specifically deny that they have failed to properly compensate their employees for all of their time worked.

4.  Except to aver that certain of the allegations in Paragraph 4 of the Complaint constitute conclusions of law to which no response is required, Defendants deny the allegations in Paragraph 4, and specifically deny that they had any policy, pattern or practice of violating wage and hour laws.

5.  Defendants admit that Plaintiff purports to bring an individual claim and to proceed as a collective action, but expressly denies that the case should proceed as a collective action.

6.  Defendants admit that Plaintiff purports to bring an individual claim and to proceed as a class action, but expressly denies that the case should proceed as a class action.

7.  Defendants admit that Plaintiff purports to bring an individual claim and to proceed as a discrimination claim, but expressly denies that she has a viable claim.

## JURISDICTION AND VENUE

8.  Defendants aver that the allegations contained in Paragraph 8 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

9.  Defendants aver that the allegations contained in Paragraph 9 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

10. Defendants aver that the allegations contained in Paragraph 10 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

11. Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 11 of the Complaint.

12. Except to aver that certain of the allegations contained in Paragraph 12 of the Complaint constitute conclusions of law to which no response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 12 of the Complaint.

13. Defendants aver that the allegations contained in Paragraph 13 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

14. Defendants aver that the allegations contained in Paragraph 14 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

15. Defendants aver that the allegations contained in Paragraph 15 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

16. Except to aver that certain of the allegations contained in Paragraph 16 of the Complaint constitute conclusions of law to which no response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 16 of the Complaint.

## **THE PARTIES**

17. Except to admit that Plaintiff is an adult, Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 17 of the Complaint.

18. Except to admit that Plaintiff is currently an employee of Clear Channel Outdoor, due in part to Plaintiff's inconsistent identification of her title, and failure to specify any time period in her allegations, Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 18 of the Complaint.

19. Except to admit that Plaintiff has been employed by Clear Channel Outdoor and Eller Media Company since 2000, due in part to Plaintiff's inconsistent identification of her title, and failure to specify any time period in her allegations, Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 19 of the Complaint.

20. Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 20 of the Complaint.

21. Except to aver that certain of the allegations contained in Paragraph 21 of the Complaint constitute conclusions of law to which no response is required, Defendants deny the allegations in Paragraph 21 of the Complaint.

22. Defendants admit the allegations in Paragraph 22 of the Complaint.

23. Defendants admit the allegations in Paragraph 23 of the Complaint.

24. Except to admit that Clear Channel Outdoor is in the business of providing outdoor advertising products to clients, and that it has offices in New York, Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 24 of the Complaint.

25. Except to aver that certain of the allegations contained in Paragraph 25 of the Complaint constitute conclusions of law to which no response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 25 of the Complaint.

26. Defendants aver that the allegations contained in Paragraph 26 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

## COLLECTIVE ALLEGATIONS

27. Defendants admit that Plaintiff purports to bring a collective action, but expressly deny that the case should proceed as a collective action.

28. Except to aver that certain of the allegations in Paragraph 28 of the Complaint constitute conclusions of law to which no response is required, Defendants deny the allegations in Paragraph 28 of the Complaint, and specifically deny that they are liable under the Fair Labor Standards Act ("FLSA").

29. Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 29 of the Complaint.

30. Except to aver that certain of the allegations in Paragraph 30 of the Complaint constitute conclusions of law to which no response is required, Defendants deny the allegations in Paragraph 30 of the Complaint, and specifically that they intentionally or willfully violated any law.

31. Except to aver that certain of the allegations in Paragraph 31 of the Complaint constitute conclusions of law to which no response is required, Defendants deny the allegations in Paragraph 31 of the Complaint.

32. Defendants deny the allegations in Paragraph 32 of the Complaint.

## CLASS ACTION ALLEGATIONS

33. Defendants admit that Plaintiff purports to bring an individual claim and to proceed as a class action, but expressly deny that the case should proceed as a class action.

Defendants deny the remaining allegations contained in Paragraph 33 of the Complaint, and specifically deny that they violated the New York Labor Law ("NYLL").

34. Except to aver that certain of the allegations in Paragraph 34 of the Complaint constitute conclusions of law to which no response is required, Defendants admit that Plaintiff purports to bring a class action, but expressly deny that the case should proceed as a class action.

35. Except to aver that certain of the allegations in Paragraph 35 of the Complaint constitute conclusions of law to which no response is required, Defendants admit that Plaintiff purports to bring a class action, but expressly deny that the case should proceed as a class action.

36. Except to aver that certain of the allegations in Paragraph 36 of the Complaint constitute conclusions of law to which no response is required, Defendants admit that Plaintiff purports to bring a class action, but expressly deny that the case should proceed as a class action.

37. Except to aver that certain of the allegations contained in Paragraph 37 of the Complaint constitute conclusions of law to which no response is required, and to expressly deny that this case should proceed as a class action, Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 37 of the Complaint.

38. Except to aver that certain of the allegations contained in Paragraph 38 of the Complaint constitute conclusions of law to which no response is required, Defendants deny the allegations in Paragraph 38 of the Complaint, and specifically deny that a class action may be maintained.

39. Except to aver that certain of the allegations contained in Paragraph 39 of the Complaint constitute conclusions of law to which no response is required, Defendants deny the allegations in Paragraph 39 of the Complaint, and specifically deny that this case should proceed as a class action.

40. Except to aver that certain of the allegations in Paragraph 40 of the Complaint constitute conclusions of law to which no response is required, Defendants deny the allegations in Paragraph 40 of the Complaint, and specifically deny that a class action may be maintained.

41. Except to aver that certain of the allegations in Paragraph 41 of the Complaint constitute conclusions of law to which no response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 41 of the Complaint

42. Except to aver that certain of the allegations contained in Paragraph 42 of the Complaint constitute conclusions of law to which no response is required, Defendants deny the allegations in Paragraph 42 of the Complaint, and specifically deny that a class action may be maintained.

## FACTUAL ALLEGATIONS

43. Defendants deny the allegations contained in Paragraph 43 of the Complaint, and specifically deny that they violated either the FLSA or NYLL.

44. Defendants deny the allegations contained in Paragraph 44 of the Complaint, and specifically deny that they violated either the FLSA or NYLL.

45. Defendants deny the allegations contained in Paragraph 45 of the Complaint.

46. Defendants deny the allegations contained in Paragraph 46 of the Complaint, and specifically deny that they violated the FLSA or its supporting regulations.

47. Defendants deny the allegations contained in Paragraph 47 of the Complaint, and specifically deny that they violated the NYLL or its supporting regulations.

48. Except to aver that Defendants lack sufficient knowledge or information to admit or deny certain of the allegations in Paragraph 48 of the Complaint, Defendants deny the allegations in Paragraph 48 of the Complaint.

49. Defendants deny the allegations contained in Paragraph 49 of the Complaint, and specifically deny that they violated either the FLSA or NYLL.

50. Defendants deny the allegations contained in Paragraph 50 of the Complaint.

51. Except to aver that Defendants lack sufficient knowledge or information to admit or deny certain of the allegations in Paragraph 51 of the Complaint, Defendants deny the allegations in Paragraph 51 of the Complaint.

## PLAINTIFF'S FACTUAL ALLEGATIONS

52. Defendants admit that Plaintiff is currently an employee of Clear Channel Outdoor.

53. Except to admit that Plaintiff is currently an employee of Clear Channel Outdoor, Defendants deny the allegations in Paragraph 53 of the Complaint.

54. Except to aver that certain of the allegations in Paragraph 54 of the Complaint constitute conclusions of law to which no response is required, and to admit that Plaintiff's duties include selling and servicing outdoor advertising accounts for clients, Defendants deny the allegations in Paragraph 54 of the Complaint.

55. Due in part to Plaintiff's inconsistent identification of her title, and failure to specify any time period in her allegations, Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 55 of the Complaint.

56. Due in part to Plaintiff's inconsistent identification of her title, and failure to specify any time period in her allegations, Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 56 of the Complaint.

57. Except to admit that Plaintiff has been employed by Clear Channel Outdoor and Eller Media Company since 2000, due in part to Plaintiff's inconsistent identification of her title,

and failure to specify any time period in her allegations, Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 57 of the Complaint.

58.  Except to admit that while Plaintiff was employed as National Import Account Executive, she assisted Account Executives and serviced outdoor advertising accounts for clients, Defendant denies the allegations in Paragraph 58 of the Complaint.

59.  Except to aver that Defendants lack sufficient knowledge or information to admit or deny certain of the allegations in Paragraph 59 of the Complaint, Defendants deny the allegation in Paragraph 59 of the complaint.

60.  Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 60 of the Complaint.

61.  Except to aver that Defendants lack sufficient knowledge or information to admit or deny certain of the allegations in Paragraph 61 of the Complaint, Defendants deny the allegation in Paragraph 61 of the complaint.

62.  Except to aver that certain of the allegations contained in Paragraph 62 of the Complaint constitute conclusions of law to which no response is required, Defendants deny the allegations in Paragraph 62 of the Complaint, and specifically deny that they violated the FLSA.

63.  Except to aver that Defendants lack sufficient knowledge or information to admit or deny certain of the allegations in Paragraph 63 of the Complaint, and that certain of the allegations contained in Paragraph 63 of the Complaint constitute conclusions of law to which no response is required, Defendants deny the allegations in Paragraph 63 of the Complaint, and specifically deny that they violated the FLSA.

64.  Defendants deny the allegations in Paragraph 64 of the Complaint.

65. Except to aver that Defendants lack sufficient knowledge or information to admit or deny certain of the allegations in Paragraph 65 of the Complaint, Defendants deny the allegations in Paragraph 65 of the Complaint.

66. Except to admit that Verizon was a large account and to deny that Plaintiff was entitled to commissions from any account, Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 66 of the Complaint.

67. Except to admit that Plaintiff serviced the Verizon account in Frank McLane's absence, Defendants deny the allegations in Paragraph 67 of the Complaint.

68. Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 68 of the Complaint.

69. Except to aver that Defendants lack sufficient knowledge or information to admit or deny certain of the allegations in Paragraph 69 of the Complaint, Defendants deny the allegations in Paragraph 69 of Complaint.

70. Except to admit that in or about December of 2005 Defendants offered Plaintiff the position of New Business Development Account Executive, Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 70 of the Complaint.

71. Except to aver that Defendants lack sufficient knowledge or information to admit or deny certain of the allegations in Paragraph 71 of the Complaint, Defendants deny the allegations in Paragraph 71 of the Complaint.

72. Except to aver that Defendants lack sufficient knowledge or information to admit or deny certain of the allegations in Paragraph 72 of the Complaint, Defendants deny the allegations in Paragraph 72 of the Complaint.

73. Defendants deny the allegations in Paragraph 73 of the Complaint.

74. Except to aver that Defendants lack sufficient knowledge or information to admit or deny certain of the allegations in Paragraph 74 of the Complaint, Defendants deny the allegations in Paragraph 74 of the Complaint.

75. Defendants deny the allegations in Paragraph 75 of the Complaint.

76. Defendants deny the allegations in Paragraph 76 of the Complaint.

77. Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 77 of the Complaint.

78. Defendants lack knowledge or information to admit or deny the allegations in Paragraph 78 of the Complaint.

79. Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 79 of the Complaint.

80. Defendants lack knowledge or information to admit or deny the allegations in Paragraph 80 of the Complaint, and specifically deny that any discriminatory treatment was alleged.

81. Defendants deny the allegations in Paragraph 81 of the Complaint.

82. Defendants deny the allegations in Paragraph 82 of the Complaint.

83. Defendants deny the allegations in Paragraph 83 of the Complaint.

84. Defendants deny the allegations in Paragraph 84 of the Complaint.

## **FIRST CAUSE OF ACTION**

85. Defendants incorporate by reference all responses in all preceding paragraphs.

86. Defendants deny the allegations in Paragraph 86 of the Complaint, and specifically deny any knowledge of an "Amended Class Action Complaint."

87. Except to aver that certain of the allegations in Paragraph 87 of the Complaint constitute conclusions of law to which no response is required, Defendants lack sufficient knowledge to admit or deny the remaining allegations in Paragraph 87 of the Complaint.

88. Defendants aver that the allegations contained in Paragraph 88 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

89. Defendants aver that the allegations contained in Paragraph 89 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

90. Except to aver that certain of the allegations in Paragraph 90 of the Complaint constitute conclusions of law to which no response is required, Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 90 of the Complaint.

91. Except to aver that certain of the allegations in Paragraph 91 of the Complaint constitute conclusions of law to which no response is required, and to aver that Defendants lack sufficient knowledge or information to admit or deny certain allegations, Defendants deny the allegations in Paragraph 91 of the Complaint.

92. Except to aver that certain of the allegations in Paragraph 92 of the Complaint constitute conclusions of law to which no response is required, and to aver that Defendants lack sufficient knowledge or information to admit or deny certain allegations, Defendants deny the allegations in Paragraph 92 of the Complaint, and specifically deny that they willfully or intentionally violated the FLSA.

93. Except to aver that certain of the allegations in Paragraph 93 of the Complaint constitute conclusions of law to which no response is required, and to aver that Defendants lack

sufficient knowledge or information to admit or deny certain allegations, Defendants deny the allegations in Paragraph 93 of the Complaint.

94. Except to aver that certain of the allegations in Paragraph 94 of the Complaint constitute conclusions of law to which no response is required, Defendants deny the allegations in Paragraph 94 of the Complaint, and specifically deny that a three-year statute of limitations should apply.

95. Except to aver that certain of the allegations in Paragraph 95 of the Complaint constitute conclusions of law to which no response is required, and to aver that Defendants lack sufficient knowledge or information to admit or deny certain allegations, Defendants deny the allegations in Paragraph 95 of the Complaint, and specifically deny that they violated the FLSA.

96. Defendants deny the allegations in Paragraph 96 of the Complaint, and specifically deny that Plaintiffs or any other individuals are entitled to any type of remedy, relief or damages in this action, including the relief alleged in Paragraph 96 of the Complaint.

## SECOND CAUSE OF ACTION

97. Defendants incorporate by reference all responses in all preceding paragraphs.

98. Except to aver that certain of the allegations in Paragraph 98 of the Complaint constitute conclusions of law to which no response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 98 of the Complaint.

99. Defendants aver that the allegations in Paragraph 99 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

100. Except to aver that certain of the allegations in Paragraph 100 of the Complaint constitute conclusions of law to which no response is required, and to aver that Defendants lack

sufficient knowledge or information to admit or deny certain allegations, Defendants deny the allegations in Paragraph 100 of the Complaint.

101.   Defendants deny the allegations in Paragraph 101 of the Complaint, and specifically deny that they violated Article 19 of the NYLL and the supporting regulations.

102.   Defendants deny the allegations in Paragraph 102 of the Complaint, and specifically deny that Plaintiffs or any other individuals are entitled to any type of remedy, relief or damages in this action, including the relief alleged in Paragraph 102 of the Complaint.

103.   Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 103 of the Complaint.  Defendants expressly deny that Plaintiff and the putative class she purports to represent are entitled to liquidated damages.

### THIRD CAUSE OF ACTION

104.   Defendants incorporate by reference all responses in all preceding paragraphs.

105.   Defendants aver that the allegations in Paragraph 105 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

106.   Defendants deny the allegations in Paragraph 106 of the Complaint, and specifically deny that they willfully violated the New York State Human Rights Law.

### FOURTH CAUSE OF ACTION

107.   Defendants incorporate by reference all responses in all preceding paragraphs.

108.   Defendants aver that the allegations in Paragraph 108 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

109. Defendants deny the allegations in Paragraph 109 of the Complaint, and specifically deny that they willfully violated the New York City Human Rights Law.

## PRAYER FOR RELIEF

Defendants deny that Plaintiff or any other individual is entitled to any type of remedy, relief or damages in this action, including any of the relief requested in any section or subsection of Plaintiff's Prayer for Relief.

## GENERAL DENIAL

Defendants deny each and every allegation in the Complaint that has not otherwise been specifically admitted herein.

WHEREFORE, Defendants assert the following affirmative defenses and pray for judgment as set forth below, without conceding Defendants bear the burden of proof as to any of the following defenses.

## DEFENSES

1. Neither the Complaint as a whole, nor the causes of action alleged therein, state facts sufficient to constitute a cause of action upon which relief can be granted against Defendant.

2. The claims of Plaintiff and of each putative member of the class she purports to represent are barred in whole or in part by any and all applicable statutes of limitations.

3. The claims of Plaintiff and of each putative member of the class she purports to represent are barred to the extent that they failed to exhaust their internal and/or administrative remedies.

4. The claims of Plaintiff and of each putative member of the class she purports to represent are barred in whole or in part by the doctrines of accord and satisfaction, and payment.

5. The claims of Plaintiff and of each putative member of the class she purports to represent are barred in whole or in part by their knowing and voluntary agreement to and participation in the compensation agreements which they now claim is illegal.

6. The claims of Plaintiff and of each putative member of the class she purports to represent are barred in whole or in part because such claims have been released, waived, discharged, and/or abandoned.

7. Plaintiff and each putative member of the class she purports to represent fall within a classification of individuals who may not recover under the causes of action at issue in this action.

8. The claims of Plaintiff and of each putative member of the class she purports to represent are barred in whole or in part by the doctrines of unclean hands, laches and estoppel.

9. The Complaint fails to the extent that Plaintiff's second cause of action is pre-empted by federal law.

10. The types of claims alleged in the Complaint on behalf of Plaintiff and the alleged class are matters in which individual questions predominate and, accordingly, Plaintiff fails to satisfy any of the prerequisites for class certification as to any cause of action.

11. The Complaint fails to the extent it asserts a class action because Plaintiff is not an adequate representative of the purported class.

12. The Complaint fails to the extent it asserts a class action because the claims alleged by the named Plaintiff are neither common to nor typical of those of the class they purport to represent.

13. The claims of Plaintiff and the class she purports to represent are barred in whole or in part because Plaintiff fails to satisfy the prerequisites for class certification and, therefore,

lacks standing to bring these claims and cannot represent the interests of others as to each of the purported causes of action.

14. The claims of Plaintiff and the class she purport to represent, and the injunctive and restitution remedies they seek, are barred in light of the fact that Plaintiff and the purported class have an adequate remedy at law.

15. The claims of Plaintiff and the class they purport to represent are barred in whole or in part because Plaintiffs have suffered no economic losses and/or have not sufficiently attempted to mitigate any damages.

16. An award of civil penalties under the circumstances of this case would constitute an excessive fine and otherwise would be in violation of Defendants' due process and other rights under the United States Constitution.

17. Defendants acted in good faith at all times and without fraud or malice toward the Plaintiffs and each putative member of the class they purport to represent.

18. Injunctive relief under the circumstances of this case would be improper because Plaintiff and each putative member of the class they purport to represent do not satisfy the requirements to obtain injunctive relief on their own behalf and they do not have standing to pursue a claim of injunctive relief on behalf of third parties.

19. The claims of Plaintiff and of each putative member of the class she purports to represent are barred in whole or in part because Plaintiff has failed to satisfy the prerequisites necessary to filing an action in this court.

20. The claims of Plaintiff and of each putative member of the class she purports to represent are barred in whole or in part by the doctrine of election of remedies.

## **RESERVATION OF RIGHTS**

Defendants reserve the right to assert such additional affirmative defenses that may appear and prove applicable during the course of this litigation.

WHEREFORE, Defendants pray for judgment as follows:

1. That Plaintiff take nothing by the Complaint;

2. That judgment be entered against Plaintiff and in favor of Defendants;

3. That Defendants be awarded attorneys' fees incurred herein;

4. That Defendants be awarded the costs of suit incurred herein; and

5. That the Court award Defendants such other and further relief as the Court may deem just and proper.

Dated: November 26, 2007
       New York, New York                Respectfully submitted,

                                         MORGAN, LEWIS & BOCKIUS LLP


                                         By: /s/ Leni D. Battaglia
                                             Christopher A. Parlo (CP - 4310)
                                             Leni D. Battaglia    (LB - 4704)
                                         101 Park Avenue
                                         New York, New York 10178-0060
                                         (212) 309-6000
                                         (212) 309-6001 (fax)


                                         Clear Channel Communications, Inc. and
                                         Clear Channel Outdoor Holdings, Inc.