## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| HYLA GOLD, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CLEAR CHANNEL COMMUNICATIONS, INC. and CLEAR CHANNEL OUTDOOR HOLDINGS, INC,<br><br>Defendants. | Civil Action No.<br>1:07-CV-08204-DLC |

### NOTICE OF MOTION AND MOTION OF DEFENDANTS TO STRIKE PLAINTIFF'S STATE LAW CLASS ACTION CLAIM

### NOTICE OF MOTION

**PLEASE TAKE NOTICE** that pursuant to Rules 12(c) and 23(d)(4) of the Federal Rules of Civil Procedure, the undersigned will make the following Motion to strike the state law class claim asserted in Count Two of the Complaint, on behalf of Defendants Clear Channel Communications, Inc. ("Communications") and Clear Channel Outdoor Holdings, Inc. ("Outdoor" and, together with Communications, "Defendants"), before the Honorable Denise Cote, to be held at Courtroom 11B, United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York 10007, as soon as counsel may be heard.

### MOTION

Plaintiff seeks to bring an opt-in collective action on behalf of all current and former employees of Outdoor who Plaintiff claims were not paid overtime compensation in violation of the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. §§ 201 et seq. (Count I). Plaintiff simultaneously seeks to bring an opt-out class action under Federal Rule of Civil Procedure 23 ("Rule 23"), on behalf of the same class and based on the same conduct, claiming

that Defendants also violated the New York Labor Law ("NYLL") (Count II).

Plaintiff's attempt to litigate NYLL claims on a class-wide basis violates Section 901(b) of the New York Civil Practice Law and Rules ("CPLR"), which provides that a claim brought under a statute that creates or imposes a penalty cannot be maintained as a class action unless the statute specifically authorizes the recovery of the penalty in a class action. The NYLL provides for a penalty in the form of liquidated damages, but does not specifically authorize a class claim. Thus, Plaintiff's purported NYLL class claim should be stricken because it violates CPLR § 901(b).

Plaintiff's NYLL opt-out class action claim should also be stricken because it conflicts with federal law for four reasons. First, the NYLL claim, brought as an opt-out class action, irreconcilably conflicts with the identical FLSA claim brought as an opt-in collective action. In that regard, Section 216(b) of the FLSA expressly limits the scope of representative class actions for overtime pay by requiring putative class members to affirmatively "consent in writing" (i.e., opt-in) to any action seeking to determine their FLSA rights. 29 U.S.C. § 216(b). Congress expressly amended the FLSA to ban representative (i.e., class) actions and to preclude having individuals' rights under the FLSA adjudicated *in absentia*. Similarly, Congress intended to free employers from the burden of litigating against the alleged overtime claims of absent class members. By asserting her state law overtime claim on an opt-out class basis under Rule 23, Plaintiff is improperly attempting to sidestep the Congressional mandate that group overtime claims should be adjudicated, if at all, only through the opt-in mechanism.

Presented with this same issue, numerous courts have dismissed such state law class claims. For example, just three months ago month, the Honorable J. Curtis Joyner authored the latest decision dismissing a state law class action claim as "inherently incompatible" with an

FLSA collective action claim.  See, e.g., Ramsey v. Ryan Beck & Co., Inc., No. 07-0635, 2007 WL 2234567, *4 (E.D. Pa. Aug. 1, 2007).[1]  This Court should similarly strike the opt-out state law class action claim.  Second, dismissal of the class action claim is well grounded not only in the structure and intent of the FLSA, but also in the need to protect absent class members' substantive rights.  The NYLL's overtime regulation that forms the basis for Plaintiff's class action claim expressly incorporates the "manner," methods," and exemptions contained in the FLSA.  Thus, the adjudication of Plaintiff's class action claim under the NYLL would, based on *res judicata* and *collateral estoppel*, necessarily determine the FLSA rights of absent class members who did not affirmatively opt-in to the action.  This is the exact result Congress sought to prohibit in enacting Section 216(b) of the FLSA, and in requiring that FLSA overtime claims be resolved only on an individual, opt-in basis.  Third, adjudication of Plaintiff's opt-out state law class action claim would interfere with the method selected by Congress for resolution of FLSA overtime claims, and thereby interfere with the purposes and objectives of that law.  Therefore, Plaintiff's opt-out class claim is impliedly preempted.  Fourth, this Court may determine now that the Rule 23 opt-out procedure is not superior to other available methods for the fair and efficient adjudication of the putative class members' overtime claims – namely, the Section 216(b) opt-in collective action mechanism.  As one federal court aptly stated in refusing to certify a state law overtime class action under Rule 23, the availability of an opt-in collective action under the FLSA "undercuts all the Rule 23(b)(3) superiority factors."  Edwards v. City of Long Beach, 467 F. Supp.2d 986, 992 (C.D. Cal. Dec. 12, 2006) (quoting Leuthold v.

---

[1]    See also Hyman v. WM Fin. Servs., Inc., Civ. A. No. 06-4038, 2007 WL 1657392 (D.N.J. June 7, 2007); Bros. v. Portage Nat'l Bank, No. CIV A 306-94, 2007 WL 965835, at *7 (W.D. Pa. Mar. 29, 2007); Otto v. Pocono Health Sys., 457 F. Supp. 2d 522 (M.D. Pa. 2006); Herring v. Hewitt Assocs., Inc., No. Civ. 06-267 (GEB), 2006 WL 2347875 (D.N.J. Aug. 11, 2006); Himmelman v. Cont'l Cas. Co., No. Civ. 06-166 (GEB), 2006 WL 2347873 (D.N.J. Aug. 11, 2006).

<u>Destination America</u>, 224 F.R.D. 462, 469 (N.D. Cal. 2004)).

WHEREFORE, for the reasons set forth above and in the Memorandum of Law In Support of Defendants' Motion To Strike Plaintiff's State Law Class Action Claim, Defendants respectfully request that this Court strike the state law class claim asserted in Count Two of the Complaint.

Dated: November 26, 2007
      New York, New York                Respectfully submitted,

                                       MORGAN, LEWIS & BOCKIUS LLP

                                       By:  /s/ Leni D. Battaglia_____
                                          Christopher A. Parlo
                                          Leni D. Battaglia

                                     101 Park Avenue
                                     New York, New York 10178-0060
                                     (212) 309-6000
                                     (212) 309-6001 (fax)

                                     Counsel for Defendants
                                          Clear Channel Communications, Inc. and
                                          Clear Channel Outdoor Holdings, Inc.

## CERTIFICATE OF SERVICE

I, Leni D. Battaglia, hereby certify that on this 26th day of November, 2007, the

foregoing Notice of Motion and Motion of Defendants Clear Channel Communications, Inc. and

Clear Channel Outdoor Holdings, Inc. To Strike Plaintiff's State Law Class Action, together with

the accompanying Memorandum of Law, were filed electronically, are available for viewing and

downloading from the ECF system, and were served by first class mail, postage prepaid, upon:


Piper Hoffman
Adam T. Klein
Cara E. Greene
Rachel Bien
Outten & Golden, LLP
3 Park Avenue, 29th Floor
New York, New York 10016

Counsel for Plaintiff Hyla Gold



Leni D. Battaglia