**Outten & Golden LLP**
Adam T. Klein (AK 3293)
Piper Hoffman (PH 4990)
Cara E. Greene (CG 0722)
Rachel Bien (RB 6919)
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone:  212-245-1000

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

_____

**HYLA GOLD,** individually, and on behalf of all others
similarly situated as class representative,

                                        Plaintiff,

                                                            **07-CIV-8204 (DLC)**

              -against-

**CLEAR CHANNEL COMMUNICATIONS, INC.** and
**CLEAR CHANNEL OUTDOOR HOLDINGS, INC.,**

                                        Defendants.
_____


## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION
## TO STRIKE PLAINTIFF'S STATE LAW CLASS ACTION CLAIMS

## **TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................ 1

BACKGROUND ................................................................................................................. 1

ARGUMENT ...................................................................................................................... 1

I.    A Rule 23 Class Action Is an Appropriate Mechanism for Enforcing Rights Under NYLL. ........................................................................................................................ 3

    A.    Class Actions Are Permitted Under NYLL if Liquidated Damages Are Not Sought .... 3

    B.    Plaintiff's Decision to Forego Liquidated Damages under NYLL Does Not Render Her an Inadequate Class Representative. .............................................................................. 6

II.    Plaintiff May Maintain Her NYLL Class Action and FLSA Collective Action Together. 7

    A.    Allowing Rule 23 Class Actions and 216(b) Collective Actions to Proceed Together Does Not Diminish Any Party's Substantive Rights. ................................................... 8

    B.    Plaintiff May Maintain a Rule 23 Class Action Under NYLL and a FLSA 216(b) Collective Action Together. ........................................................................................... 8

        1.    *A NYLL class action and a FLSA 216(b) collective action are not inherently incompatible.* .............................................................................................................. 9

        2.    *Congress did not preempt state wage claims in passing the FLSA.* ............................ 11

    C.    Adjudication of the State Claims Is Not Adjudication of the Federal Claims. .............. 13

CONCLUSION .................................................................................................................. 15

# <u>TABLE OF AUTHORITIES</u>

## CASES

*Acosta v. Scott Labor LLC,*
  No. 05 C 2518, 2006 WL 27118 (N.D. Ill. Jan. 3, 2006) ........................................9

*Anderson v. Sara Lee Corp.,*
  No. 05-1091, 2007 U.S. App. LEXIS 26723 (4th Cir. Nov. 19, 2007) ............................12, 13

*Ansoumana v. Gristede's Operating Corp.,*
  201 F.R.D. 81 (S.D.N.Y. 2001) ..................................................................3, 4, 5, 7

*Asher v. Abbott Laboratories,*
  737 N.Y.S.2d 4 (N.Y. App. Div. 2002) ...............................................................7

*Bahramipour v. Citigroup Global Markets, Inc.,*
  No. C 04-4440 CW, 2006 U.S. Dist. LEXIS 9010 (N.D. Cal. Feb. 22, 2006) ......................10

*Barabin v. ARAMARK Corp.,*
  210 F.R.D. 152 (E.D. Pa. 2002).....................................................................2

*Belbis v. County of Cook,*
  No. 01C 6119, 2002 WL 31600048 (N.D. Ill. Nov. 18, 2002)....................................13

*Beltran-Benitez v. Sea Safari, Ltd.,*
  180 F. Supp. 2d 772 (E.D.N.C. 2001)..............................................................14

*Berry v. 34 Irving Place, Corp.,*
  4 Wage & Hour Cas. (BNA) 564 (S.D.N.Y. 1944) ...............................................12

*Braun et al. v. Wal-Mart et al.,*
  Court File No. 19-CO-01-9790 (Minn. 1st Dist. Nov. 3, 2003) ..............................13

*Breeden v. Benchmark Lending Group, Inc.,*
  229 F.R.D. 623 (N.D. Cal. 2005).................................................................11

*Brooklyn Savings Bank v. O'Neill,*
  324 U.S. 697 (1945)..............................................................................12

*Brzychnalski v. UNESCO, Inc.,*
  35 F. Supp. 2d 351 (S.D.N.Y. 1999)...........................................................4, 7, 11

*Burnette v. Carothers,*
  192 F.3d 52 (2d Cir. 1999)......................................................................2, 6

*Chao v. A-One Medical Services, Inc.,*
346 F.3d 908 (9th Cir. 2003) ........................................................................14

*Chateau de Ville Products, Inc. v. Tams-Witmark Music Library, et al,*
586 F.2d 962 (2d Cir. 1978) ...........................................................................6

*Chevron USA, Inc. v. Vermilion Parish Sch. Bd.,*
215 F.R.D. 511, 515-16 (W.D. La) ..................................................................2

*Choimbol v. Fairfield Resorts, Inc.,*
2006 U.S. Dist. LEXIS 68225 (E.D. Va. Sept. 11, 2006) ..............................12

*Conley v. Gibson,*
355 U.S. 41 (1957) ..........................................................................................2

*Connolly v. McCall,*
254 F.3d 36 (2d Cir. 2001) ..............................................................................2

*Cox v. Microsoft Corp.,*
737 N.Y.S.2d 1 (App. Div. 1st Dep't 2002) .....................................................7

*In re Farmers Insurance Exchange Claims Representative Overtime Pay
Litigation,*
No. 1439, 2003 U.S. Dist. LEXIS 25717 (D. Or. May 19, 2003) ...................11

*Foster v. The Food Emporium,*
No. 99 CIV 3860 (CM), 2000 U.S. Dist. LEXIS 6053 (S.D.N.Y. Apr. 26,
2000) ................................................................................................................5

*Fred Meyer of Alaska, Inc. v. Adams,*
963 P.2d 1025 (Alaska 1998) ........................................................................13

*Glewwe v. Eastman Kodak Co.,*
No. 05-6462T, 2006 U.S. Dist. LEXIS 33449 (W.D.N.Y. May 25, 2006) ............10

*Goldman v. RadioShack Corp., Number Civ. A. 2:03-CV-0032,*
2003 U.S. Dist. LEXIS 7611 (E.D. Pa. Apr. 17, 2003) .................................11

*Gonzales v. City of New York,*
396 F. Supp. 2d 411 (S.D.N.Y. 2005) ......................................................14, 15

*Greene v. Robert Half International, Inc.,*
No. C05-03248, 2006 U.S. Dist. LEXIS 97050 (N.D. Cal. Mar. 28, 2006)............9

*Herring v. Hewitt Associates, Inc., Number Civ. 06-267,*
2006 U.S. Dist. LEXIS 56189 (D.N.J. Aug. 11, 2006) ..................................10

*Himmelman v. Continental Casualty Co.,*
   Number Civ. 06-166, 2006 U.S. Dist. LEXIS 56187 (D. N.J. Aug. 11, 2006) ......................10

*Jacobs v. Bloomingdale's, Inc.,*
   5/27/2003 N.Y.L.J. 32 (Col. 6) (Sup. Ct., Queens Cty.).......................................................6, 7

*Jacobs v. Macy's East, Inc.,*
   792 N.Y.S.2d 574 (N.Y. App. Div. 2005) ...........................................................................3, 4

*LaMarca v. The Food Emporium,*
   601973/ 2007 N.Y. Misc. LEXIS 5071 (Sup. Ct., N.Y. Cty. July 3, 2007) ............................5

*Ladegaard v. Hard Rock Concrete Cutters, Inc.,*
   No. 00 C 5755, 2000 WL 1774091 (N.D. Ill. Dec. 1, 2000) ...................................................14

*Lee v. ABC Carpet & Home,*
   236 F.R.D. 193 (S.D.N.Y. 2006) ...........................................................................................10

*Letouzel v. Eastman Kodak Co.,*
   No. 05-6464T, 2006 U.S. Dist. LEXIS 33453 (W.D.N.Y. May 25, 2006) .............................10

*Leyva v. Buley,*
   125 F.R.D. 512 (E.D. Wash. 1989)........................................................................................11

*Lindsay v. Government Employees Insurance Co.,*
   448 F.3d 416 (D.C. Cir. 2006) ..........................................................................................8, 11

*Luciano v. Eastman Kodak Co.,*
   No. 05-6463T, 2006 U.S. Dist. LEXIS 33452 (W.D.N.Y. May 25, 2006) .............................10

*Lumpkin v. E.I. Du Pont De Nemours & Co.,*
   161 F.R.D. 480 (M.D. Ga. 1995) .............................................................................................2

*Madrigal v. Green Giant Co.,*
   No. C-78-157, 1981 WL 2331 (E.D. Wash. Jul. 27, 1981) .................................................9, 10

*Mascol v. E & L Transp., Inc.,*
   U.S. Dist. LEXIS 32634 (E.D.N.Y. June 30, 2005) ........................................................10, 11

*McLaughlin v. Liberty Mutual Insurance Co.,*
   224 F.R.D. 304 (D. Mass. 2004)............................................................................................11

*Mendez v. Radec Corp.,*
   411 F. Supp. 2d 347 (W.D.N.Y. 2006) ..................................................................................10

*Moeck v. Gray Supply Corp.*,
    Case No. 03-1950, 2006 U.S. Dist. LEXIS 511 (D. N.J. Jan. 6, 2006) ...................................10

*Morton v. Valley Farm Transport, Inc., Number C 06-2933*,
    2007 U.S. Dist. LEXIS 31755 (N.D. Cal. Apr. 13, 2007) .......................................................11

*Noble v. 93 University Place Corp.*,
    224 F.R.D. 330 (S.D.N.Y. 2004) ...................................................................................4, 5, 7

*O'Brien v. Encotech Construction Services, Inc.*,
    203 F.R.D. 346 (N.D. Ill. 2001)...........................................................................11, 13, 14

*O'Connell v. Hove*,
    22 F.3d 463 (2d Cir. 1994).....................................................................................................8

*Overnite Trans. Co. v. Tianti*,
    926 F.2d 220 (2d Cir. 1991).............................................................................................11, 13

*Pac. Merchant Shipping Association v. Aubry*,
    918 F.2d 1409 (9th Cir. 1990) .............................................................................................12

*Pesantez v. Boyle Environmental Services, Inc.*,
    673 N.Y.S.2d 659 (N.Y. App. Div. 1998) ...................................................................4, 5, 7

*Ramirez v. RDO-BOS Farms, LLC*,
    No. 06-174, 2007 U.S. Dist. LEXIS 40633 (D. Or. Jan. 23, 2007) ......................................11

*Rodriguez v. The Texan, Inc.*,
    No. 01 C 1478, 2001 WL 1829490 (N.D. Ill. Mar. 7, 2001) ....................................................9

*Rogers v. City of Troy*,
    148 F.3d 52 (2d Cir. 1998)......................................................................................................7

*Salvas et al. v. Wal-Mart Stores, Inc.*,
    Civ. No. 01-3645 (Mass. Super. Ct. Jan. 5, 2004) .................................................................13

*Sav-on Drug Stores, Inc. v. Superior Court*,
    34 Cal. 4th 319 (Cal. 2004).................................................................................................13

*Savaglio et al v. Wal-Mart Stores, Inc. et al.*,
    Case No. C-835687 (Cal. Super. Ct. Nov. 6, 2003)...............................................................13

*Scott v. Aetna Services, Inc.*,
    210 F.R.D. 261 (D. Conn. 2002)...........................................................................................11

*Sipper v. Capital One Bank*,
  U.S. Dist. LEXIS 3881 (C.D. Cal. Mar. 1, 2002) .................................................................. 2

*Super Glue Corp. v. Avis Rent-a-Car System, Inc.,*
  517 N.Y.S.2d 764 (N.Y. App. Div. 1987) .............................................................................. 4

*Thompson v. Merck & Co.,*
   2004 U.S. Dist. LEXIS 540 (E.D. Pa. Jan. 6, 2004) ............................................................ 2

*Torres v. Gristede's Operating Corp.,*
  No. 04 Civ. 3316 (S.D.N.Y. Sept. 28, 2006) ...................................................................... 10

*Tran v. Le French Baker, Inc.,*
   C-94-0482, 1995 U.S. Dist. LEXIS 8371 (N.D. Cal. June 14, 1995) .................................... 14

*Trinidad v. Breakaway Courier Sys., Inc.,,*
  05 Civ. 4116 , 2007 U.S. Dist. LEXIS 2914 (S.D.N.Y. Jan. 12, 2007) .................................. 10

*Trotter v. Perdue Farms, Inc., Number Civ. A.99-893-RRM,*
  2001 U.S. Dist. LEXIS 13212 (D. Del. Aug. 16, 2001) ........................................................ 11

*Vinole v. Countrywide Home, Inc.,*
  2007 U.S. Dist. LEXIS 86402 (S.D. Cal. Nov. 15, 2007) ...................................................... 2

*Westerfield v. Wash. Mut, Bank,*
  2007 U.S. Dist. LEXIS 54830 ................................................................................ 4, 7, 8, 10

*Williamson v. General Dynamics Corp.,*
  208 F.3d 1144 (9th Cir. 2000) ........................................................................................ 10, 12

*Woods v. Champion Courier, Inc.,*
  10/09/1998 N.Y.L.J. 26 (Col. 1) (N.Y. Sup. Ct. 1998) .......................................................... 4

## STATUTES

29 U.S.C. § 201 *et seq*..................................................................................................1

29 U.S.C. § 218(a) ......................................................................................................12

General Business Law § 349(h)....................................................................................4

New York Labor Law Article 19, §§ 650 *et seq*...........................................................1

New York Labor Law §§ 198(1-a) ...............................................................................3

New York Labor Law §§ 663(1) ..................................................................................3

## RULES

Federal Rules of Civil Procedure 12(b)(6)...................................................................2

Federal Rules of Civil Procedure 12(c) ...............................................................1, 2, 6

Federal Rules of Civil Procedure 23................................................................. *passim*

Federal Rules of Civil Procedure 23(a) ................................................................... 2, 6

Federal Rules of Civil Procedure 23(b) .......................................................................6

Federal Rules of Civil Procedure 23(d)(4)...............................................................1, 2

Federal Rules of Civil Procedure 216(b) ..............................................................6, 8, 9

New York Civil Practice Laws and Rules 901(b)...............................................3, 4, 5, 7

12 N.Y.C.R.R. Part 142 ...............................................................................................1

## INTRODUCTION

Defendants' motion to strike seeks relief that is directly contrary to established legal authority. Even when Defendants manages to raise an issue that could – at best – be described as "novel," there is existing law that disposes of its arguments. Most often, however, Defendants' arguments lack any merit at all. Because Defendants are unable to prevail under any standard of dismissal, it cannot prevail under the highest, which it faces at this early stage in the litigation; therefore, its motion should be denied in its entirety.

## BACKGROUND

Plaintiff works for Defendants as a Sales Representative, selling and servicing outdoor advertising. (*See* Class Action and Collective Action Complaint ("Compl.") ¶¶ 3, 19, attached as Exhibit A to the Declaration of Cara E. Greene ("Greene Decl.").) Plaintiff alleges that Defendants subjected her to a policy of not paying her a premium for hours she worked over 40 in a week as required by New York Labor Law Article 19, §§ 650 *et seq*., the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142, ("NYLL"), and the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"). (*See, e.g.*, Compl. ¶¶ 5, 6.) She alleges this on behalf of herself; on behalf of Defendants' Sales Representatives in New York (the "Rule 23 Class"), under NYLL; and on behalf of all Defendants' Sales Representatives nationwide (the "Collective"), under the FLSA. (Compl. ¶¶ 27, 34.)

## ARGUMENT

Plaintiff may bring her NYLL class claims and FLSA collective claims together since (1) a Rule 23 class action is permissible under NYLL; (2) the FLSA and NYLL are compatible and without conflict; and (3) Congress, in passing the FLSA, has not preempted state labor laws. Defendants seek to dismiss Plaintiff's Rule 23 Class claims under Federal Rules of Civil

Procedure ("Rule" or "Rules")) Rules 12(c) and 23(d)(4). Under Rule 12(c), after pleadings are closed, a party may move for judgment on the pleadings. The same standard applies to a Rule 12(c) motion as applies to a motion under Rule 12(b)(6) – namely, a claim may be dismissed only if, accepting all the allegations contained in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party, "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."[1] *See Burnette v. Carothers*, 192 F.3d 52, 56 (2d Cir. 1999) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46(1957)). Defendant cannot overcome this high burden since a Rule 23 class action is maintainable under NYLL and is not incompatible with federal law. Therefore, Defendant's motion fails.

---

[1] While Defendants cite to Rule 23(d)(4) as grounds to strike the Rule 23 Class claims at this early stage of litigation, the cases Defendants cite in support of doing so are inapposite. *Connolly v. McCall,* 254 F.3d 36, 42 (2d Cir. 2001), did not consider the appropriateness of striking class claims under Rule 23(d)(4); it dismissed an equal protection challenge on the pleadings, because the action was not maintainable given the high amount of deference afforded to state classifications (i.e. state classifications are upheld "if there is any reasonably conceivable state of facts that could provide a rational basis for the classification); and *Vinole v. Countrywide Home, Inc.*, 07cv127, 2007 U.S. Dist. LEXIS 86402 (S.D. Cal. Nov. 15, 2007), *Lumpkin v. E.I. Du Pont De Nemours & Co.*, 161 F.R.D. 480 (M.D. Ga. 1995), *Sipper v. Capital One Bank*, 01-9547, 2002 U.S. Dist. LEXIS 3881 (C.D. Cal. Mar. 1, 2002), *Barabin v. ARAMARK Corp.*, 210 F.R.D. 152 (E.D. Pa. 2002), and *Thompson v. Merck & Co.*, 01-1004, 01-1328, 01-3011, 01-6029. 02-1196, 02-4176, 2004 U.S. Dist. LEXIS 540 (E.D. Pa. Jan. 6, 2004), all considered Rule 23(a) factors for class certification – commonality, typicality, numerosity, and adequate representation – not whether class claims may be stricken under Rule 23(d)(4) apart from a consideration of the Rule 23(a) factors. In *Chevron USA, Inc. v. Vermilion Parish Sch. Bd.*, 215 F.R.D. 511, 515-16 (W.D. La.), aff'd, 337 F.3d 459, 463 (5th Cir. 2004), the Court refused to certify a class where statutory prerequisites had not been met; at no point did the Court consider an argument under Rule 23(d)(4). Since this is not a class certification motion under Rule 23(a), the Court should consider it solely as a Rule 12(c) motion, and Plaintiff addresses Defendants' arguments accordingly.

## I.     A Rule 23 Class Action Is an Appropriate Mechanism for Enforcing Rights Under NYLL.

Plaintiff's Rule 23 Class claims are viable because a class action asserting rights under NYLL may be maintained so long as liquidated damages are waived.  *See Jacobs v. Macy's East, Inc.*, 792 N.Y.S.2d 574, 576 (N.Y. App. Div. 2005).  Plaintiff here has explicitly waived any claim for liquidated damages.  (*See* Compl. ¶ 103.)  Furthermore, Plaintiff is an adequate class representative, and her waiver of liquidated damages in order to assert Rule 23 Class claims does not impair her ability to represent the class.  *See*, e.g., *Ansoumana v. Gristede's Operating Corp.*, 201 F.R.D. 81, 95 (S.D.N.Y. 2001).

### A.     Class Actions Are Permitted Under NYLL if Liquidated Damages Are Not Sought

Plaintiff's NYLL claims arise under NYLL Article 19, which provides for a penalty for willful violations: "liquidated damages equal to twenty-five percent of the total" are available.  NYLL §§ 198(1-a) and 663(1).  N.Y. CPLR 901(b) provides that "[u]nless a statute creating or imposing a penalty or a minimum measure of recovery specifically authorizes the recovery thereof in a class action, *an action to recover a penalty* . . . may not be maintained as a class action."  (Emphasis added.)  By its terms, the CPLR prohibits only actions that seek to recover a penalty.  It does not prohibit class actions that do not seek to recover punitive damages.

Plaintiff and the class seek actual damages in the amount they were underpaid, but have not brought an action for liquidated damages.  (Compl. at ¶¶ 102-03 ("Due to Defendants' violations of the New York Labor Law, Plaintiff and the Class Members are entitled to recover from Defendants their unpaid overtime wages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.  Plaintiff and the Class Members do not seek liquidated damages under the NYLL.").)

Plaintiff may bring a class action asserting NYLL claims since class actions under NYLL are permitted so long as liquidated damages are waived. *See Jacobs*, 792 N.Y.S.2d 574; *see also Pesantez v. Boyle Envtl. Servs., Inc.*, 673 N.Y.S.2d 659 (N.Y. App. Div. 1998) (affirming that a class action may be maintained under NYLL); *Westerfield v. Wash. Mut. Bank*, 06-CV-2817, 2007 U.S. Dist. LEXIS 54830, **10-11 (E.D.N.Y. July 67, 2007) (same); *Noble v. 93 Univ. Place Corp.*, 224 F.R.D. 330, 334-35 (S.D.N.Y. 2004) (certifying NYLL class where liquidated damages had been waived); *Brzychnalski v. UNESCO, Inc.*, 35 F. Supp.2d 351, 353 (S.D.N.Y. 1999) (certifying class under NYLL); *Ansoumana*, 201 F.R.D. at 95 (finding that the rule in *Pesantez* is authoritative). In *Jacobs*, a unanimous court unequivocally ruled that the "contention that CPLR 901(b) bars certification of a class in [a Labor Law wage] case is … without merit." *Id.* at 320, 576.

In *Super Glue Corp. v. Avis Rent-a-Car Sys., Inc.*, 517 N.Y.S.2d 764, 767 (N.Y. App. Div. 1987), the New York Appellate Division ruled that "the named plaintiff in a class action may waive [a statutory penalty] and bring an action for actual damages only. Thus, the weight of authority holds that a class action may be maintained to recover actual damages and injunctive relief pursuant to General Business Law § 349(h)" (internal citations omitted). The Court found that *any class member who wished to pursue liquidated damages "may opt out of the class and bring an individual action therefore*." *Id*. at 607, 767 (emphasis added).

Defendants' reliance on *Woods v. Champion Courier, Inc.*, 10/09/1998 N.Y.L.J. 26 (Col. 1) (N.Y. Sup. Ct. 1998), is misplaced, since *Woods* is not good law. *Woods* held that plaintiffs suing under the Labor Law could not avoid the CPLR 901(b) proscription by seeking only actual damages. The *Woods* court, apparently did not have the benefit of, or overlooked, the contrary and controlling holding of the Appellate Division in *Pesantez*, which had been decided only a

few months earlier.  The *Woods* court staked its holding on the fact that an alternative enforcement mechanism existed in the form of an action by the Commissioner of Labor, and ruled that plaintiffs were required to seek redress with the commissioner.  This position has been explicitly rejected by the New York State Attorney General and is, in the words of the Attorney General, simply "flawed."  *See* Memorandum of Law of New York State Attorney General Eliot Spitzer as Amicus Curiae, *Ansoumana v. Gristede's Operating Corp.*, 00 Civ. 0253 (AKH) (S.D.N.Y.), Exhibit B to the Greene Decl.

Defendants' reliance on *Foster v. The Food Emporium*, No. 99 CIV 3860 (CM), 2000 U.S. Dist. LEXIS 6053 (S.D.N.Y. Apr. 26, 2000), is similarly misplaced.  *Foster* was a Fair Labor Standards Act lawsuit, not a NYLL class action.  The *Foster* court – in dicta – sided with the discredited *Woods* line of cases in stating that plaintiffs could not waive the liquidated damages remedy under CPLR 901(b).  *Id*. at *3.  The *Foster* opinion ignored *Pesantez*.  In fact, in *LaMarca v. The Food Emporium,* 601973/04, 2007 N.Y. Misc. LEXIS 5071 (Sup. Ct., N.Y. Cty. July 3, 2007), the parallel state action to *Foster*, the New York Supreme Court certified the NYLL class action, stating that "a class action for actual damages may be maintained under the Labor Law so long as claims for liquidated damages are waived."  *Id.* at *6 (explicitly rejecting *Foster*).  Other federal courts that have analyzed *Foster* have also disregarded it.  *See Noble*, 224 F.R.D. at 341, n. 84 ("defendant's reliance on *Foster* is misplaced"); *see also Ansoumana*, 201 F.R.D. at 95 ("*Pesantez* states the correct rule and it is authoritative as the rule of decision to be followed").  The Attorney General for the State of New York has found that this dicta in *Foster* is "erroneous", and that it "does not correctly reflect New York law in this regard, and should not be followed."  *See* Greene Decl., Ex. B at 6-7.

B.    Plaintiff's Decision to Forego Liquidated Damages under NYLL Does Not Render Her an Inadequate Class Representative.

Defendants' argument that because Plaintiff has waived potential liquidated damages under NYLL in order to pursue a class action, she is an inadequate class representative, is without merit. When considering whether to certify a class under Rule 23(a), a court must consider whether the class representatives will adequately represent the interests of the class. *See* Rule 23(a). However, whether Plaintiff is an adequate representative of the class is a question of fact that is properly considered on a motion for class certification, not on a motion under Rule 12(c), where the Court must accept Plaintiff's alleged facts as true.[2] *See Burnette*, 192 F.3d at 56. Further, Plaintiff bears the burden of establishing the Rule 23 requirements and is entitled to appropriate discovery before moving for class certification. *See Chateau de Ville Prods., Inc. v. Tams-Witmark Music Library, et al*, 586 F.2d 962 (2d Cir. 1978).

New York courts have routinely rejected the argument that Defendants now advance. As one New York court to address the issue, in *Jacobs v. Bloomingdale's, Inc.*, 5/27/2003 N.Y.L.J. 32 (Col. 6) (Sup. Ct., Queens Cty.), stated:

> . . . the plaintiffs are suitable class representatives, to wit . . . they will fairly and adequately protect the interests of the class. <u>The Court rejects the defendants' contentions that the plaintiffs' desire to waive the punitive remedies available under Labor Law § 198, which cannot be maintained in a class action, demonstrates that they will not 'fairly and adequately protect the interests of the class.'</u>

---

[2]    Defendants also argue that the Rule 23 Class claims should be struck because a class action is not the superior method for adjudicating NYLL claims, but this claim is also premature. To the extent that Defendants "only address the requirement of superiority under Rule 23(b) on the purely legal ground of whether Plaintiff can maintain opt-out class claims for overtime in the face of Section 216(b)'s opt-in mechanism," (Memorandum of Law in Support of Defendant's Motion to Strike Plaintiff's State Law Class Action Claims ("Def. Mem.") at 22), this argument is simply a repackaging of its "inherent incompatibility" and preemption arguments addressed at *infra* Section II(B).

*Id.* (internal citations omitted) (emphasis added); *see also Pesantez*, 673 N.Y.S.2d 659 (finding

that plaintiff, who waived liquidated damages, would fairly and adequately represent the class);

*Noble*, 224 F.R.D. at 334-35 (same); *Brzychnalski*, 35 F. Supp.2d at 353 (same); *Ansoumana*,

201 F.R.D. at 95.

The *Jacobs* ruling relied on the overwhelming weight of the New York Appellate Courts

and concurrent federal authority. Defendants' argument is an attempt to circumvent this clear

and controlling case law by suggesting that no plaintiff who waives liquidated damages could

fairly and adequately represent a class. Since CPLR 901 precludes a class that does not waive

liquidated damages, Defendants' argument amounts to saying that labor law class actions are

never permitted under CPLR 901. That is clearly wrong.[3]

## II.    Plaintiff May Maintain Her NYLL Class Action and FLSA Collective Action Together.

Contrary to Defendants' assertions, NYLL class claims in no way impinge on substantive

rights available under the FLSA. Further, there is no inherent incompatibility between NYLL

and the FLSA, since Congress did not intend for the FLSA to preempt state wage laws. Finally,

a consideration of NYLL class claims would not operate as *res judicata* for future claims brought

under the FLSA.

---

[3]    The only cases Defendants offer to support this argument are either outdated, unrelated to NYLL actions, or without precedential value in this Circuit. *See* Def. Mem. at 6. For instance, in *Rogers v. City of Troy*, 148 F.3d 52, 59 n. 6 (2d Cir. 1998), the court addressed, in dicta, a plaintiff's inability to waive liquidated damages under the FLSA – an issue not raised in this case. Defendants' reliance on cases addressing the ability to waive liquidated damage under the Donnelly Act (*see, e.g.*, *Asher v. Abbott Labs.*, 737 N.Y.S.2d 4 (N.Y. App. Div. 2002); *Cox v. Microsoft Corp.*, 737 N.Y.S.2d 1, 2 (App. Div. 1st Dep't 2002)) is also misplaced, given the ample case law directly addressing a plaintiff's ability to waive liquidated damages under NYLL in order to pursue a class action. *See supra* p. 4; *see also Westerfield v. Wash. Mut. Bank*, 06-CV-2817, 2007 U.S. Dist. LEXIS 54830, at **10-11 (E.D.N.Y. July 26, 2007) (finding that reliance on *Asher* and *Cox* was misplaced, in light of *Pesantez*).

A.  Allowing Rule 23 Class Actions and 216(b) Collective Actions to Proceed
Together Does Not Diminish Any Party's Substantive Rights.

Defendants' argument that allowing a Rule 23 Class to proceed alongside a FLSA

collective action would somehow diminish substantive rights is fatally undermined by the simple

fact that in this Circuit, the FLSA's "opt in" procedure has been held to be just that – a

procedure.  It does not confer any substantive rights.  *See O'Connell v. Hove*, 22 F.3d 463,

468 (2d Cir. 1994); *see also Westerfield v. Wash. Mut. Bank*, 06-CV-2817, 2007 U.S. Dist.

LEXIS 54830, **4-10 (E.D.N.Y. July 26, 2007) (finding that 216(b) does not confer substantive

rights, but stating, "Even if the right to opt-in is a substantive right, the right is not modified or

abridged in any way by permitting a state law opt-out class to proceed alongside the FLSA opt-in

class in the same case.").   Indeed, the D.C. Circuit has recently and flatly stated that any

difference between Rule 23 and § 216(b) is a "mere *procedural* difference . . . ."  *Lindsay v.

Gov't Employees Ins. Co.*, 448 F.3d 416 (D.C. Cir. 2006) (reversing denial of Rule 23

certification of NYLL claims in a FLSA/NYLL case and rejecting argument that Rule 23 and §

216(b) are in conflict) (emphasis in original).

B.  Plaintiff May Maintain a Rule 23 Class Action Under NYLL and a FLSA 216(b)
Collective Action Together.

Defendants' generalized argument that there is tension between the FLSA and state labor

laws is groundless and contrary to the weight of authority.  Defendants' cavil stems from a

notion that the FLSA and its procedures somehow preempt or are incompatible with state wage

and hour laws and their procedures.  This argument is flawed and has been rejected by many

courts considering the issue.

1.    *A NYLL class action and a FLSA 216(b) collective action are not inherently incompatible.*

There is no incompatibility between the FLSA and NYLL, although their procedural mechanisms differ.  *Greene v. Robert Half International, Inc.*, No. C05-03248, 2006 U.S. Dist. LEXIS 97050 (N.D. Cal. Mar. 28, 2006), squarely addressed the inherent incompatibility argument that Defendant raises here.  In refusing to strike class claims brought alongside the FLSA claims, the Court stated,

> claims based on opt-in procedures are not irreconcilable with pendant state claims based on Federal Rule 23 opt-out procedures; therefore, the two causes of action may be maintained in the same case. Additionally, . . . by allowing parallel proceedings in state and federal court on actions involving the same case or controversy, great potential exists for confusion of the issues, unnecessary costs, inefficiency and inconsistency of proceedings and results.

*Id.* at **12-13.  The court then went on to reject the argument that "one of Congress's primary goals in passing the Portal-to-Portal Act was to outlaw FLSA opt-out class actions and to require personal involvement in FLSA class actions," and held that the FLSA does not preempt a Rule 23 class brought under state labor laws.  *Id.* at **21-24.

Defendant's argument to the contrary chiefly rests on a handful of unpublished district court cases that hold, incorrectly, that FLSA claims cannot be brought alongside state wage-and-hour laws.  Several of these cases are of dubious validity on their faces.  *Rodriguez v. The Texan, Inc.*, No. 01 C 1478, 2001 WL 1829490 (N.D. Ill. Mar. 7, 2001), for example, is a scheduling order with no precedential value.  The *Rodriguez* court, in an order containing no holdings, *sua sponte* expresses some concerns about the case to come.  *Id.*; *see also Acosta v. Scott Labor LLC*, No. 05 C 2518, 2006 WL 27118 (N.D. Ill. Jan. 3, 2006) (*Rodriguez* not a holding).  *Madrigal v. Green Giant Co.*, No. C-78-157, 1981 WL 2331 (E.D. Wash. Jul. 27, 1981) is similarly of questionable value.  *Madrigal* sits on a flawed foundation insofar as it concludes that there is a

tension between the FLSA and state labor laws. *See Bahramipour v. Citigroup Global Markets, Inc.*, No. C 04-4440 CW, 2006 U.S. Dist. LEXIS 9010, at *16 (N.D. Cal. Feb. 22, 2006) (*Madrigal* relies on "'weak precedent' and 'dubious authority'") (quoting *Williamson v. Gen. Dynamics*, 208 F.3d 1144, 1051 (9th Cir. 2000)).

Neither *Herring v. Hewitt Assocs., Inc.*, No. Civ. 06-267, 2006 U.S. Dist. LEXIS 56189 (D.N.J. Aug. 11, 2006); *Moeck v. Gray Supply Corp.*, Case No. 03-1950, 2006 U.S. Dist. LEXIS 511 (D. N.J. Jan. 6, 2006), nor *Himmelman v. Continental Casualty Co.*, No. Civ. 06-166, 2006 U.S. Dist. LEXIS 56187 (D. N.J. Aug. 11, 2006), which relies on *Moeck*, are from this Circuit, and, in light of the ample law in the Second Circuit regarding this issue, are of little value.[4]

Defendants, in fact, ignore the weight of authority in this Circuit allowing opt-in FLSA collective claims to proceed alongside opt-out state labor law Rule 23 class claims. *See, e.g.*, *Westerfield*, 2007 U.S. Dist. LEXIS 54830; *Trinidad v. Breakaway Courier Sys., Inc.*, 05 Civ. 4116 , 2007 U.S. Dist. LEXIS 2914 (S.D.N.Y. Jan. 12, 2007) (granting plaintiffs' motion for conditional certification under the FLSA and certification of a Rule 23 New York state law class action); *Torres v. Gristede's Operating Corp.*, No. 04 Civ. 3316 (S.D.N.Y. Sept. 28, 2006); *Mendez v. Radec Corp.*, 411 F. Supp. 2d 347 (W.D.N.Y. 2006) (outlining Court's orders to certify both FLSA collective action and Rule 23 New York state law class action); *Lee v. ABC Carpet & Home*, 236 F.R.D. 193 (S.D.N.Y. 2006) (certifying both FLSA collective action and Rule 23 New York state law class action); *Mascol v. E & L Transp., Inc.*, CV-03-3343, 2005

---

[4]    *Glewwe v. Eastman Kodak Co.*, No. 05-6462T, 2006 U.S. Dist. LEXIS 33449, at *9 (W.D.N.Y. May 25, 2006); *Letouzel v. Eastman Kodak Co.*, No. 05-6464T, 2006 U.S. Dist. LEXIS 33453, at *10 (W.D.N.Y. May 25, 2006); and *Luciano v. Eastman Kodak Co.,* No. 05-6463T, 2006 U.S. Dist. LEXIS 33452, at *10 (W.D.N.Y. May 25, 2006), the only cases in this Circuit cited by Defendants, did not hold that NYLL class claims and FLSA collective claims are inherently incompatible, only that Rule 23 class certification requirements were not met in those particular cases.

U.S. Dist. LEXIS 32634 (E.D.N.Y. June 30, 2005) (certifying Rule 23 New York state law class

action in suit in which FLSA collective action had already been certified); *Lindsay*, 448 F.3d at

423-25; *Scott v. Aetna Servs., Inc.,* 210 F.R.D. 261, 264-68 (D. Conn. 2002) (certifying Rule 23

class where FLSA class was previously certified); *Brzychnalski,* 35 F. Supp. 2d 351 (certifying a

collective action for FLSA claim and a Rule 23 class for state law claims).[5]

            2.     *Congress did not preempt state wage claims in passing the FLSA.*

The FLSA does not preempt state wage and hour laws, and Defendants' argument to the

contrary is meritless.  Notably, Defendants do not cite one case within this Circuit holding what

Defendants urge this Court to hold.  In fact, the Second Circuit long ago rejected the preemption

argument: "every Circuit that has considered the issue has reached the same conclusion – state

overtime wage law is not preempted by . . . the FLSA".  *Overnite Trans. Co. v. Tianti,* 926 F.2d

220, 222 (2d Cir. 1991).

Congress, when it enacted the FLSA, alluded to why the FLSA and state wage and hour

claims are compatible, and are neither contrary to nor duplicative of one another.  The purpose of

---

[5]     *See also Breeden v. Benchmark Lending Group, Inc.*, 229 F.R.D. 623 (N.D. Cal. 2005)
(Conti, J.) (FLSA collective action and California class action); *In re Farmers Ins. Exchange
Claims Representative Overtime Pay Litig.,* No. 1439, 2003 U.S. Dist. LEXIS 25717 (D. Or.
May 19, 2003) (FLSA collective action and Colorado, Illinois, Michigan, Minnesota, New
Mexico, Oregon, and Washington class actions); *Trotter v. Perdue Farms, Inc.*, No. Civ. A.99-
893-RRM, 2001 U.S. Dist. LEXIS 13212 (D. Del. Aug. 16, 2001) (FLSA collective action and
Delaware, Kentucky, Maryland, North Carolina, and South Carolina class actions); *O'Brien v.
Encotech Constr. Servs., Inc.*, 203 F.R.D. 346 (N.D. Ill. 2001) (FLSA collective action and
Illinois class action); *Leyva v. Buley*, 125 F.R.D. 512 (E.D. Wash. 1989) (FLSA collective action
and Washington class action); *Goldman v. RadioShack Corp.*, No. Civ. A. 2:03-CV-0032, 2003
U.S. Dist. LEXIS 7611 (E.D. Pa. Apr. 17, 2003) (conditionally certifying a FLSA collective
action and "exercising . . . discretion to assume supplemental jurisdiction [over] the proposed
opt-out class" that included class members who did not opt-in to the FLSA action); *McLaughlin
v. Liberty Mutual Ins. Co.*, 224 F.R.D. 304 (D. Mass. 2004) (FLSA collective action and
Massachusetts class action); *Morton v. Valley Farm Transp., Inc.*, No. C 06-2933, 2007 U.S.
Dist. LEXIS 31755 (N.D. Cal. Apr. 13, 2007) (FLSA collective action and California class
action); *Ramirez v. RDO-BOS Farms, LLC*, No. 06-174, 2007 U.S. Dist. LEXIS 40633 (D. Or.
Jan. 23, 2007) (FLSA collective action and Oregon class action).

the FLSA, according to Congress, is to "establish a floor under which wage protections cannot drop, not to establish absolute uniformity in minimum wage and overtime standards nationwide at levels established in the FLSA." *Pac. Merch. Shipping Ass'n v. Aubry,* 918 F.2d 1409, 1425 (9th Cir. 1990). States are free to provide greater wage protections to their workers, subject to broader-reaching procedures. *See* 29 U.S.C. § 218(a); *see, e.g.*, *Williamson v. Gen. Dynamics Corp.*, 208 F.3d 1144, 1150-51 (9th Cir. 2000) (noting "the FLSA contains a 'savings clause' that enables states and municipalities to enact more favorable wage, hour, and child labor legislation" and constitutes "evidence that Congress did not intend to preempt the entire field" ).

Defendants rely on several cases that do not consider whether a plaintiff can bring a FLSA opt-in claim alongside a state labor law opt-out claim. In *Berry v. 34 Irving Place, Corp*., 4 Wage & Hour Cas. (BNA) 564, 564 (S.D.N.Y. 1944), a sixty-year old case, the plaintiff successfully brought a FLSA claim, and then attempted to recover interest under New York law, even though he had not brought a New York wage claim. The Court held that state remedies could not be superimposed on a FLSA claim. *Id.* Similarly, in *Brooklyn Savings Bank v. O'Neill*, 324 U.S. 697, 715 (1945), the Court considered whether interest was available for the FLSA claims, but did not consider whether the FLSA and state claims could be brought together.

In *Choimbol v. Fairfield Resorts, Inc*., 2:05cv463 , 2006 U.S. Dist. LEXIS 68225, at **17-23 (E.D. Va. Sept. 11, 2006), the court considered whether the FLSA preempted common law claims – not statutory claims. Similarly, in *Anderson v. Sara Lee Corp.*, No. 05-1091, 2007 U.S. App. LEXIS 26723 (4th Cir. Nov. 19, 2007), the Fourth Circuit considered whether the FLSA preempted state common law claims. Importantly, all of the common law claims <u>included a violation of the FLSA</u> as an essential element. Contrary to Defendants' characterization, *Anderson* did not hold that the FLSA is the exclusive remedy for wage and hour violations, only

that the FLSA sets forth the sole remedies for FLSA violations.  As the *Anderson* court explained, the plaintiffs "rely on the FLSA for their rights, and they invoke state law only as the source of remedies for the alleged FLSA violations."  *Id.* at 35.  The *Anderson* court specifically noted that "[t]he Class Members do not contend, however, that any [state] law entitles them to unpaid wages.  *Id.* at *34.  Unlike in *Anderson*, here Plaintiff brings federal and state <u>statutory</u> claims, which create distinct legal entitlements.  Thus, Plaintiff's statutory claims under NYLL are not preempted.

      C.    <u>Adjudication of the State Claims Is Not Adjudication of the Federal Claims.</u>

      Defendants erroneously claim that allowing the state law claims to be adjudicated will improperly impinge upon Defendants' current and former employees' federal FLSA rights.  This is at bottom another repackaging of the meritless preemption argument.  *See Overnite Trans. Co.*, 926 F.2d at 222.  Following Defendants' logic, it would be inappropriate for any court ever to hear a state wage and hour claim for fear of affecting FLSA rights that the plaintiff or an absent class member may someday wish to assert.  But states are clearly free to enact and enforce their own wage protections, and class actions under state wage and hour laws are commonly brought around the country with or without FLSA actions.  *See*, *e.g.*, *Sav-on Drug Stores, Inc. v. Superior Court*, 34 Cal. 4th 319 (Cal. 2004) (certifying California overtime class action); *Salvas et al. v. Wal-Mart Stores, Inc.*, Civ. No. 01-3645 (Mass. Super. Ct. Jan. 5, 2004); *Belbis v. County of Cook,* No. 01C 6119, 2002 WL 31600048 (N.D. Ill. Nov. 18, 2002) (Illinois class action); *Braun et al. v. Wal-Mart et al.*, Court File No. 19-CO-01-9790 (Minn. 1st Dist. Nov. 3, 2003); *Savaglio et al v. Wal-Mart Stores, Inc. et al.*, Case No. C-835687 (Cal. Super. Ct. Nov. 6, 2003); *Fred Meyer of Alaska, Inc. v. Adams*, 963 P.2d 1025 (Alaska 1998) (affirming class certification under Alaska minimum wage laws); *O'Brien v. Encotech Constr. Servs., Inc.,* 203 F.R.D. 346 (N.D. Ill.

2001) (certifying Illinois wage class action); *Ladegaard v. Hard Rock Concrete Cutters, Inc.,* No. 00 C 5755, 2000 WL 1774091 (N.D. Ill. Dec. 1, 2000) (rejecting defendant's host of arguments that a FLSA collective action and a Rule 23 Illinois wage and hour class action are mutually exclusive); *Beltran-Benitez v. Sea Safari, Ltd.,* 180 F. Supp. 2d 772, 774 (E.D.N.C. 2001) (recognizing claims under FLSA and North Carolina wage payment statute).

Defendant conjures a scenario in which the class-wide adjudication of one group's state wage claims in a Rule 23 class action will extinguish the FLSA rights of a second group, e.g., absent members of the Rule 23 class who may someday wish to bring FLSA claims. Defendant argues that issue or claim preclusion doctrines mandate this outcome. Defendant offers no support for such an argument, and there is none. None of the cases it cites involved two separate groups for which the adjudication of the claims of Group A could somehow undermine the claims of Group B.

The best illustration of Defendant's confusion here is its reliance on *Chao v. A-One Med. Services, Inc.*, 346 F.3d 908 (9th Cir. 2003). There, the Ninth Circuit rightly found that the doctrine of *res judicata*, or claim preclusion, barred the FLSA claims of one individual who had previously sued the employer in an individual action for unpaid overtime under state law. The Circuit properly concluded that the employee, as an affirmative litigant and sole plaintiff in the previous action, "could have and should have" brought her FLSA claims at that time. *Id.* at 922. This was the precise situation in *Tran v. Le French Baker, Inc.*, C-94-0482, 1995 U.S. Dist. LEXIS 8371 (N.D. Cal. June 14, 1995). The plaintiff himself had brought his state law overtime claims and could have at that time brought an FLSA claim. *Id. Gonzales v. City of New York*, 396 F. Supp. 2d 411 (S.D.N.Y. 2005) also is particularly instructive. There, the court dismissed some of the Latino Officers Association's claims because it, itself, had brought an almost

14

simultaneous class action employment case involving some of the exact same claims that it

settled in its favor. *Id.* at 420-21. The court dismissed some of the claims of one of the

individual plaintiffs, Gonzales, because he, and then his counsel, had received multiple notices of

the settlement in and his right to opt-out of the overlapping Latino Officers case, but had not

done so. *Id.* at 415-19. The employment claims not asserted in the previous settled litigation,

namely, discrimination in promotions, were not dismissed. *Id.* at 419-20, 421, 423. Here, like

the plaintiff in *Gonzales*, absent class members can and should receive notice and an opportunity

to opt out of any class that is certified so they may assert their claims in a different manner or in

a different forum should they so desire.

## <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendants'

Motion to Strike Plaintiff's State Law Class Action Claims in its entirety.

Dated: December 10, 2007
       New York, New York

Respectfully submitted,

**OUTTEN & GOLDEN LLP**

By:

/s/ Cara E. Greene

**Outten & Golden LLP**
Adam T. Klein (AK 3293)
Piper Hoffman (PH 4990)
Cara E. Greene (CG 0722)
Rachel Bien (RB 6919)
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000

**Attorneys for Plaintiff and the Putative Class**