IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HYLA GOLD, on behalf of herself and all others similarly situated,<br><br>                Plaintiff,<br><br>  v.<br><br>CLEAR CHANNEL COMMUNICATIONS, INC. and CLEAR CHANNEL OUTDOOR HOLDINGS, INC,<br><br>                Defendants. | Civil Action No.<br>1:07-CV-08204-DLC |

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S STATE LAW CLASS ACTION CLAIMS

 

MORGAN, LEWIS & BOCKIUS LLP
Christopher A. Parlo (CP-4310)
Michael J. Puma (MP-5573)
Leni D. Battaglia (LB-4704)
101 Park Avenue
New York, New York 10178-0060
(212) 309-6000
(212) 309-6001 (fax)

Counsel for Defendants
   Clear Channel Communications, Inc. and
   Clear Channel Outdoor Holdings, Inc.

1-PH/2817307.2

## TABLE OF CONTENTS

                                                             **Page**

TABLE OF AUTHORITIES ..................................................................................................... ii

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT ............................................................................................................................. 3

    I. Plaintiff's State Law Class Claims Are Barred By C.P.L.R. § 901(b) ......................... 3

    II. Plaintiff's State Law Class Claims Are Barred By FLSA § 216(b) ............................ 7

        A. Plaintiff's State Law Class Claims Are Incompatible With The Opt-In Joinder Mechanism of FLSA § 216(b). ................................................................ 7

        B. An Opt-Out Right Will Not Protect Absent Class Members ............................... 8

        C. The Alternative Approach Proposed By Defendants Permits Joinder Of NYLL Claims While Protecting The Rights Of All Interested Parties ................. 9

CONCLUSION ........................................................................................................................ 11

# TABLE OF AUTHORITIES

## CASES

Page

Amchem Prods., Inc. v. Windsor, 521 U.S. 591 (1997) .................................................................10

Ansoumana v. Gristede's Operating Corp., 201 F.R.D. 81 (S.D.N.Y. 2001) ...........................1, 3, 7

Asher v. Abbott Labs., 737 N.Y.S.2d 4 (1st Dep't 2002) ........................................................3, 6, 7

Brzychnalski v. UNESCO, Inc., 35 F. Supp. 2d 351 (S.D.N.Y. 1999) ...........................................7

Super Glue Corp. v. Avis Rent A Car Sys., Inc., 17 N.Y.S.2d 764 (2nd Dep't 1987)................5, 6

Burns v. Volkswagen of Am., Inc., 460 N.Y.S.2d 410 (N.Y. Sup. 1982) ........................................5

Carter v. Frito-Lay, Inc., 52 N.Y.2d 994 (1981)...............................................................1, 3, 4, 6, 7

Carter v. Frito-Lay, Inc., 425 N.Y.S.2d 115 (1st Dep't 1980).....................................................1, 3

Chao v. A-One Med. Servs., Inc., 346 F.3d 908 (9th Cir. 2003)......................................................7

Clark v. Experian Info. Solutions, Inc., Nos. Civ. A.8:00-1217-24, 1218-24, 1219-24,
    2001 WL 1946329 (D.S.C. Mar. 19, 2001) ..............................................................................8

Coleman v. Gen. Motors Acceptance Corp., 296 F.3d 443 (6th Cir. 2002) ..................................10

Cox v. Microsoft Corp., 737 N.Y.S.2d 1 (1st Dep't 2002)......................................................3, 6, 7

Deposit Guar. Nat'l Bank Jackson, Miss. v. Roper, 445 U.S. 326 (1980) ....................................10

Evancho v. Sanofi-Aventis U.S., Inc., No. 07-2266 (D.N.J. Dec. 19, 2007) ...................................2

Gen. Tel. Co. v. Falcon, 457 U.S. 147 (1982) ...............................................................................10

Hyde v. Gen. Motors Corp., No. 21306/80,
    1981 WL 11468 (N.Y. Sup. Ct.Oct. 16, 1981) ..............................................................4, 5, 6

Jacobs v. Macy's East, Inc., 792 N.Y.S.2d 574 (2nd Dep't 2005) ...................................................6

Leider v. Ralfe, 387 F. Supp. 2d 283 (S.D.N.Y. 2005) ....................................................................4

Miller v. Hygrade Food Prods. Corp., 198 F.R.D. 638 (E.D. Pa. 2001) .......................................10

Noble v. 93 Univ. Place Corp., 224 F.R.D. 330 (S.D.N.Y. 2004)...................................................7

Pesantez v. Boyle Envtl. Servs., Inc., 673 N.Y.S.2d 659 (1st Dep't 1998).....................................6

Reap v. Cont'l Cas. Co., 199 F.R.D. 536 (D.N.J. 2001) .......................................................... 10

Rubin v. Nine West Group, Inc., No. 0763/99,
    1999 WL 1425364 (N.Y. Sup. Ct. Nov. 3, 1999) ........................................................... 3

Russo & Dubin v. Allied Maint. Corp., 407 N.Y.S.2d 617 (N.Y. Sup. Ct. 1978) ................... 4

Small v. Lorillard Tobacco Co., 679 N.Y.S.2d 593 (N.Y. App. Div. 1998) .......................... 8

Tran v. Le French Baker, Inc., C-94-0482,
    1995 U.S. Dist. LEXIS 8371 (N.D. Cal. Jun. 14, 1995) ................................................ 8

Weinberg v. Hertz Corp., 499 N.Y.S.2d 693 (1st Dep't 1986) ........................................... 5, 6

Westerfield v. Wash. Mut. Bank, No. 06-2817,
    2007 WL 2162989 (E.D.N.Y. Jul. 26, 2007) .................................................................. 7

## STATUTES

N.Y. Lab. Law §198(a-1) ......................................................................................................... 3

43 P.S.A. § 260.3(b) ................................................................................................................ 8

California Labor Code § 512(a) ............................................................................................... 8

C.P.L.R. § 901(b) ............................................................................................................. passim

FLSA § 216(b) .......................................................................................................................... 7

## PRELIMINARY STATEMENT

Rather than focus on the arguments and case law actually presented in the Memorandum of Law in Support of Defendants' Motion to Strike ("Initial Brief"), Plaintiff: (1) constructs and opposes a straw man argument regarding *express* (not *implied*) preemption; (2) cites a litany of irrelevant cases that adjudicated class and collective action claims together without considering the arguments presented by Defendants; and (3) attempts to distract the Court from the real issues by relying on an *amicus* brief which contains arguments that have been disregarded twice by the First Department, including subsequent to the decision in Ansoumana v. Gristede's Operating Corp., 201 F.R.D. 81 (S.D.N.Y. 2001), cited repeatedly by Plaintiff. It is also noteworthy that Plaintiff fails to even cite (let alone distinguish) the one case that is directly on point concerning Defendants' argument under C.P.L.R. § 901(b), Carter v. Frito-Lay, Inc., 425 N.Y.S.2d 115 (1st Dep't 1980), a decision and rationale that was adopted by the New York Court of Appeals at 52 N.Y.2d 994, 419 N.E.2d 1079 (1981) (affirming "for reasons stated in the memorandum at the Appellate Division").

Defendants' Initial Brief did not assert that the FLSA *expressly* preempts individual state law claims. Rather, *implied* preemption bars the use of Rule 23's opt-out procedure to aggregate such claims.[1] Defendants' Initial Brief also does not contend, on the present record, that the Court lacks supplemental jurisdiction over the state law claims. To the contrary, Defendants proposed in the Initial Brief that putative class members who actually wish to litigate their FLSA overtime claims, and thus who elect to opt-in to any collective action, may join their own individual state law claims through pendent jurisdiction.

---

[1] Despite Plaintiff's misleading footnote to the contrary ("Plaintiff's Opposition" or "Pl. Opp." at 2, n. 1), the Initial Brief makes clear that the Court is empowered to strike the class claims at this stage because no discovery could alter the purely legal arguments now before the Court. See Initial Brief at 3-4. As also set forth in the Initial Brief, Plaintiff bears the burden of satisfying Rule 23. See id. at 3. Plaintiff offers no contrary authority, and no authority to suggest that the Court should apply the deferential Rule 12(b)(6) or Rule 12(c) standard in assessing certification under Rule 23. Plaintiff also offers no support for the contention that a Rule 23 analysis is only appropriate in response to a class certification motion by a plaintiff.

Wholly unrelated to the issues of supplemental jurisdiction and preemption, the Initial Brief demonstrated that Plaintiff's state law class claims are barred by the incompatibility between the FLSA's mandatory *opt-in* joinder mechanism and the *opt-out* procedure under Rule 23.[2] Specifically, if the state law class claims survive, Plaintiff will have improperly sidestepped the Congressional mandate that group overtime claims should be adjudicated, if at all, exclusively through the *opt-in* mechanism. In addition, due to the shared standards for overtime exemptions under both the FLSA and the New York Labor Law ("NYLL"), permitting a NYLL overtime class action here would mean that absent class members' FLSA rights would be adjudicated based on the principles of *res judicata* and collateral estoppel regardless of whether they opt-in to the action.

Plaintiffs' state law class claims are also barred because the provision of the NYLL at issue here mandates liquidated damages for a willful violation of the statute,[3] and C.P.L.R. § 901(b) bars class actions for claims premised on a provision of a statute that provides for such a penalty. While the New York Legislature could have done so if it wanted, § 901(b) makes no mention of allowing a waiver of penalties for the purposes of maintaining a class, particularly where the penalty is *mandatory* upon a finding of willfulness as alleged in the Complaint ("Compl."). See Compl. at 92 ("Defendants' violations of the FLSA, as described in this Class Action Complaint, have been willful and intentional.") (emphasis added). Defendants' proposal, that individuals who choose to

---

[2] In the short time since Defendants filed their Initial Brief, yet another decision joined the growing body of law striking class claims on this basis. See Evancho v. Sanofi-Aventis U.S., Inc., No. 07-2266, slip op., at 12-14 (D.N.J. Dec. 19, 2007), a copy of which is attached hereto as Exhibit A.

[3] Plaintiff claims that she has "not brought an action for liquidated damages." See Pl. Opp. at 3 (citing Compl. at ¶¶ 102-03). Plaintiff fails to reconcile this statement, however, with her assertion of a willful violation (Compl. ¶ 92) and the mandatory nature of the NYLL's penalty provision upon a finding of willfulness. See N.Y. Lab. Law §198(a-1) (stating that "the court shall allow such employee . . . upon a finding that the employer's failure to pay the wage required by this Article was willful, an additional amount as liquidated damages") (emphasis added). Plaintiff cannot circumvent the mandatory nature of Section 198's penalty provision, and the § 901(b) bar on certain class actions, by continuing to allege willfulness, but only under the FLSA.

1-PH/2817307.2   2

opt-in may then join their individual state law claims, ensures that interested litigants may pursue all available remedies without having to opt-out. That is clearly a superior procedural posture.

## ARGUMENT

I.  **PLAINTIFF'S STATE LAW CLASS CLAIMS ARE BARRED BY C.P.L.R. § 901(B).**

In 1980, the First Department conclusively settled the § 901(b) issue:

> CPLR 901 (subd b) <u>disallows a class-action</u> when the statute under which the action is brought <u>imposes</u> a penalty. This is so unless that particular statute specifically authorizes recovery in a class-action. In this case, the statute relied on (Labor Law, §198, subd 1-a) <u>provides</u> for liquidated damages and does not contain the necessary clause allowing these damages to be recovered in a class-action.

Carter, 425 N.Y.S.2d at 115 (emphasis added). New York's highest court affirmed, and adopted wholesale the reasoning of, the Carter decision. See Carter, 52 N.Y.2d 994 (1981) (affirming "for reasons stated in the memorandum at the Appellate Division").

The above-quoted language is unambiguous, and does not say that § 901(b) disallows a class action only when the plaintiff <u>seeks</u> to recover a penalty, as Plaintiff suggests. Carter, 425 N.Y.S.2d at 115. See also Asher v. Abbott Labs., 737 N.Y.S.2d 4, 4 (1st Dep't 2002) ("Private persons cannot bring a class action under the Donnelly Act because the treble damages remedy provided in General Business Law §340(5) is a 'penalty' within the meaning of CPLR §901(b), the recovery of which in a class action is not specifically authorized and <u>the imposition of which cannot be waived</u>.") (emphasis added); Cox v. Microsoft Corp., 737 N.Y.S.2d 1, 2 (1st Dep't 2002) (finding that treble damages under the Donnelly Act are penal in nature and mandatory, and thus refusing to allow a class action under C.P.L.R. §901(b));[4] Rubin v. Nine West Group, Inc., No. 0763/99, 1999

---

[4] The Attorney General for the State of New York entered an appearance as *amicus curiae* in both Asher and Cox (see captions to decisions), likely submitting an updated version of the brief that he submitted in the Ansoumana federal court decision that Plaintiff attaches to her brief. Significantly, the courts in both Asher and Cox disagreed with the Attorney General's (and the Plaintiffs') conclusions regarding the application of the statute. Further, the *amicus curiae* brief attached to Plaintiffs' filing misstates Carter by stating that it "stand[s] merely for the proposition that a class action may not be maintained where the action

WL 1425364, *2 (N.Y. Sup. Ct. Nov. 3, 1999) (holding treble damages under the Donnelly Act are mandatory and cannot be waived); <u>Russo & Dubin v. Allied Maint. Corp.</u>, 407 N.Y.S.2d 617 (N.Y. Sup.Ct. 1978) (same); <u>Leider v. Ralfe</u>, 387 F.Supp.2d 283, 288-89 (S.D.N.Y. 2005) (refusing to certify class action because statute contained a penalty but did not authorize class actions).

Notwithstanding the Court of Appeals' approval of <u>Carter</u>'s interpretation of § 901(b), the import of <u>Carter</u> has become obscured as some decisions have concluded, without a proper analysis, and at times without any authority, that statutory penalties are waivable to circumvent § 901(b). This misguided line of authority should not be given any weight.

The initial misunderstanding of <u>Carter</u> began with an unreported trial court decision relating, in part, to Section 349 of New York's General Business Law ("GBL"), which opined (<u>without any analysis</u> or even reference to the actual language of § 901(b)):

> While [Defendant] argues that Sec. 349 of the General Business Law denies the right of plaintiffs to bring a class action, where the relief sought is that of actual damages instead of statutory penalties, it is clear that such a representative action may be brought. . . . It is the view of the court that New York's Deceptive Practice Act envisioned class actions for the recovery of actual damages as distinguished from statutory penalties.

<u>Hyde v. Gen. Motors Corp.</u>, No. 21306/80, 1981 WL 11468, at *2 (N.Y. Sup. Ct. Oct. 16, 1981).[5] Significantly, the GBL makes available only a <u>discretionary</u> remedy, see GBL §349, subd h; §350-e, subd 3 (stating "[t]he court may, <u>in its discretion</u>, increase the award of damages[.]") (emphasis

---

seeks to recover Section 198 (1-a) liquidated damages[.]" The relevant language set forth in <u>Carter</u>, and set forth above, belies this minimization of the true holding, adopted by the Court of Appeals. See <u>Carter</u>, 425 N.Y.S.2d at 115 (holding that "CPLR 901 (subd b) disallows a class-action when the statute under which the action is brought <u>imposes</u> a penalty.") (emphasis added). The former Attorney General's opinion, therefore, is of no consequence.

[5]   In addition, the <u>Hyde</u> case is distinguishable because it is unclear whether the discretionary awards permitted under the GBL even constitute "penalties" within the meaning of § 901(b). Moreover, unlike the mandatory NYLL penalty for "willful" conduct, any additional award available under the GBL is not mandatory upon the establishment of any one element. GBL §349, subd h; §350-e, subd 3. See <u>Pruitt v. Rockefeller Ctr. Prop., Inc.</u>, 574 N.Y.S.2d 672 (1st Dep't 1991) (stating "[a] statute that creates or imposes a 'minimum measure of recovery' is one that, <u>upon proof of its violation</u>, provides for the recovery of some fixed minimum amount, without regard to the amount of damages suffered.") (emphasis added)

added), while § 198 of the Labor Law provides for a <u>mandatory</u> penalty for "willful" conduct as alleged here.

In a subsequent decision (again relating solely to the GBL), another trial level court in Monroe County relied on <u>Hyde</u> (and other threadbare support not before this Court) to authorize a class action. See <u>Burns v. Volkswagen of Am., Inc.</u>, 460 N.Y.S.2d 410, 413 (N.Y. Sup. 1982) (finding "class actions for actual damages rather than the $50 minimum or the punitive treble damages can be maintained under subdivision (h) of section 349 and subdivision 3 of section 350-d of the General Business Law. Authority for this interpretation is found in numerous items of correspondence to the Governor's office concerning the amendments.").[6] Nothing other than <u>Hyde</u> and these "items of correspondence" are cited as support for the decision. As <u>Hyde</u> was not based on any statutory language or appropriate precedent, <u>Burns</u> also lacks any proper legal foundation.

In 1986, in yet another matter brought pursuant to the GBL, the First Department reversed the trial court's denial of class certification based only on the "superiority criterion" of § 901(a)(5). <u>Weinberg v. Hertz Corp.</u>, 499 N.Y.S.2d 693, 695 (1st Dep't 1986). <u>Weinberg</u> makes no mention of § 901(b). In discussing § 901(a)(5), the court simply observed that the GBL "affords a private right of action and treble damages for deception practiced against a consumer. Since such a statutory remedy does exist, potential class members must be given an opportunity to opt out of the class to pursue their private claims." <u>Id.</u>

In 1987, in yet another case brought pursuant to the GBL and bereft of analysis, the Second Department relied on <u>Burns</u>. <u>Super Glue Corp. v. Avis Rent A Car Sys., Inc.</u>, 517 N.Y.S.2d 764, 767 (2nd Dep't 1987). But as <u>Burns</u> relied only on <u>Hyde</u>, which had no legal foundation at all,

---

[6] Notably, the court in <u>Burns</u> acknowledged that "[a]n action for actual damages only . . . carries with it a waiver of each class member's right to a minimum recovery and treble damages[,]" noting without deciding that "[t]his <u>may reflect adversely upon the plaintiff's fitness to represent the class</u>." 460 N.Y.S.2d at 413 (emphasis added).

Burns should not have been cited or relied upon. Instead, the Court in Super Glue should have relied upon Carter, which had been upheld by the Court of Appeals. Rather, Super Glue simply ignored Carter, and incorrectly stated that "the weight of authority holds that a class action may be maintained to recover actual damages and injunctive relief pursuant to General Business Law §349(h)" and speculated that "this was the intent of the Legislature." Super Glue, 517 N.Y.S.2d at 767 (citing Weinberg, 499 N.Y.S.2d 693; Burns, 460 N.Y.S.2d 410; Hyde, 1981 WL 11468).

Finally, in 1998, in an action to recover prevailing wage rates through a class action that may not have included an allegation of willfulness, the First Department did not fully analyze § 901(b), but simply stated that "to the extent certain individuals may wish to pursue punitive claims pursuant to Labor Law 198(1-a), which cannot be maintained in a class action (CPLR 901[b]), they may opt out of the class action." Pesantez v. Boyle Envtl. Servs., Inc., 673 N.Y.S.2d 659, 660 (1st Dep't 1998) (citing Weinberg, 499 N.Y.S.2d 693 at 695; Super Glue, 517 N.Y.S.2d at 767). In so holding, Pesantez ignored the fact that each of the cases upon which it relied involved only the GBL and its *discretionary* remedy, and not Section 198 of the Labor Law and its *mandatory* penalty.[7] The Court in Pensantez failed to recognize that neither of those decisions (nor the caselaw cited therein) engaged in any analysis regarding what should have been a determinative issue in that matter. Moreover, the Court in Pensantez again made no effort to provide statutory language or other authority to support the decisions in Weinberg, Hyde, Burns and Super Glue.

This trend of blindly citing cases bereft of reasoned analysis, and relying upon them as definitive law, continued in Jacobs v. Macy's East, Inc., 792 N.Y.S.2d 574, 575-577 (2nd Dep't 2005), and several federal district courts (like Plaintiff) have come to rely on this faulty law as

---

[7] Unlike Hyde, Burns, Weinberg and Super Glue, the decisions in Asher and Cox both addressed a statute with mandatory penalties like those granted under Section 198 of the NYLL, and both post-date the faulty *dicta* in Pesantez. Plaintiff does not even attempt to distinguish the caselaw cited in the Initial Brief demonstrating the mandatory nature of the term "shall" in Section 198.

determinative. See Westerfield v. Wash. Mut. Bank, No. 06-2817, 2007 WL 2162989, *3 (E.D.N.Y. Jul. 26, 2007); Noble v. 93 Univ. Place Corp., 224 F.R.D. 330, 334-35 (S.D.N.Y. 2004); Ansoumana, 201 F.R.D. at 95; Brzychnalski v. UNESCO, Inc., 35 F.Supp.2d 351, 353 (S.D.N.Y. 1999).

In sum, the § 901(b) caselaw cited by Plaintiff is a faulty house of cards ultimately built on misguided trial court decisions relating to a statute with discretionary, non-mandatory penalties that simply ignored Carter and engaged in virtually no analysis. As Carter, Asher, Cox and other authority cited above and in the Initial Brief make clear that § 901(b) bars a class action for a willful violation of the NYLL, which mandates a penalty, Plaintiff's state law class action claims must be stricken.

## II. PLAINTIFF'S STATE LAW CLASS CLAIMS ARE BARRED BY FLSA § 216(b).

### A. Plaintiff's State Law Class Claims Are Incompatible With The Opt-In Joinder Mechanism of FLSA § 216(b).

As an initial matter, Defendant does not dispute that some courts have exercised supplemental jurisdiction over state law overtime claims to adjudicate FLSA collective actions and state law class actions together. See Pl's Opp. at 10-11. In the majority of the decisions cited by Plaintiff, however, the courts were not presented with any of the arguments at issue here.

Plaintiff does not effectively refute that, in enacting the FLSA, Congress granted employees not only the right to recover overtime, but also the right to opt-in or not opt-in as a party plaintiff in an action, and, unlike an absent opt-out class member, the right to always control one's own decisions. See Initial Brief at 13-16. If Plaintiff's state law class action claims may go forward, these rights as to the FLSA claims of absent class members will be compromised. See id. at 14-16.

Plaintiff also does not rebut the serious concerns raised by Defendants as to the *res judicata* and collateral estoppel effect that rulings in a state law class action would have on absent class members' federal FLSA claims. See Pls' Opp. at 13-15 (citing Chao v. A-One Med. Servs., Inc.,

346 F.3d 908 (9th Cir. 2003) (holding that *res judicata* barred FLSA claims of individual who previously sued employer for unpaid overtime under state law due to shared nucleus of operative facts); Tran v. Le French Baker, Inc., C-94-0482, 1995 U.S. Dist. LEXIS 8371 (N.D. Cal. Jun. 14, 1995) (same). Plaintiff also does not dispute the similarities between the FLSA and NYLL overtime exemptions and, therefore, effectively concedes the *res judicata* and collateral estoppel problems that exist. Accordingly, adjudication of absent class members' state law overtime claims would extinguish their FLSA claims. See Initial Brief at 14-15.

Instead of focusing on Defendants' actual arguments, Plaintiff opted to challenge express preemption (Pls' Opp. at 11-12), a doctrine not at issue here. In that regard, Plaintiff disingenuously suggests that accepting Defendant's arguments would mean that no state wage claims could be litigated as a class action. To the contrary, there are many state wage and hour protections relating to wage deductions, recordkeeping, and other matters, that do not carry a mandatory penalty and/or which have no relation to the FLSA or specifically to the exemptions to its overtime requirements. See, e.g., 43 P.S.A. § 260.3(b) (Pennsylvania prohibition on wage deductions); California Labor Code § 512(a) (meal period statute). Litigating those state claims as a class action, then, would not jeopardize the rights and FLSA claims of absent class members.

### B.     An Opt-Out Right Will Not Protect Absent Class Members.

The Court should not rely on merely an opt-out right to guard against the potential for the significant prejudice described in the Initial Brief and above. Plaintiff cannot circumvent the statutory requirements of the FLSA, and Congressional intent, simply by hoping that absent class members will opt-out of this action before their federal claims are adjudicated *in abstentia*. See Small v. Lorillard Tobacco Co., 679 N.Y.S.2d 593, 601-02 (N.Y. App. Div. 1998) (stating that "[t]he ability to opt out of the class is insufficient to protect the rights of putative class members who would want to seek remedies other than those chosen by the representatives"); Clark v.

Experian Info. Solutions, Inc., Nos. Civ. A.8:00-1217-24, 1218-24, 1219-24, 2001 WL 1946329, at *4 (D.S.C. Mar. 19, 2001). Plaintiff fails to cite any case law to the contrary.

Consideration of Plaintiff's preferred approach demonstrates the likelihood for confusion. The strategy to permit opt-outs and then hope for the best requires a notice that informs a putative class member that if he or she wants to pursue an FLSA matter outside of the collective action setting, he or she must both not opt-in to the collective action and affirmatively opt-out of the class action. In contrast to the typical situation in which a putative class member may preserve FLSA rights by simply doing <u>nothing</u> (not opting in), he or she would have to also affirmatively opt-out of the NYLL class action. In addition, as any Court and experienced class action litigator knows, many putative class members cannot be found or ignore class notifications. Thus, the worker who tossed his notice form in the trash can instead of carefully reading it because it looked like a piece of "junk mail" would be precluded from later prevailing on an FLSA claim if there are unfavorable rulings in connection with the state law class action claims. Initial Brief at 14-15. This was clearly not Congress's intent when it adopted the FLSA opt-in provisions. <u>See</u> Initial Brief at 21-24.

C. **The Alternative Approach Proposed By Defendants Permits Joinder Of NYLL Claims While Protecting The Rights Of All Interested Parties.**

In light of the concerns described above, it is important to state again that Defendant is <u>not</u> challenging the right of individuals who may opt-in to an FLSA collective action to also seek to join their individual state law claims. There is no downside to this alternative approach, which eliminates the need for a speculative hope that individuals will receive, read and understand dueling class and collective action notices and act as needed to preserve their rights. Other courts have acknowledged that this is the logical approach when faced with an action asserting both class and collective action claims. <u>See</u> Initial Brief at 10.

This approach is particularly appropriate when weighed against the risks to absent class members discussed above and in the Initial Brief, and considering that a class action is the

exception to the typical rule that plaintiffs should bring individual claims. Gen. Tel. Co. v. Falcon, 457 U.S. 147, 155 (1982) (emphasis added) (class actions are "an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties."). Moreover, in contrast to the substantive rights conferred by the FLSA, Rule 23 is a procedural right only. See Deposit Guar. Nat'l Bank Jackson, Miss. v. Roper, 445 U.S. 326, 332 (1980) ("[T]he right of a litigant to employ Rule 23 is a procedural right only, ancillary to the litigation of substantive claims.").

Significantly, in a case such as this, where any plaintiff has the ability to recover statutory attorneys' fees under NYLL § 198, there is no prejudice to requiring putative class members to pursue individual NYLL claims rather than an opt-out class action. See Reap v. Cont'l Cas. Co., 199 F.R.D. 536, 550 (D.N.J. 2001) ("Here, individual class members have an interest in prosecuting their own actions because of the availability of significant money damages and full reimbursement of attorneys' fees.") (citing Allison v. Citgo Petroleum Corp., 151 F.3d 402, 420 (5th Cir. 1998)).[8]

In short, a separate motivation appears to be driving the opposition to striking the opt-out class action claims. Plaintiff's counsel is well aware that not a single employee has elected to opt-in to this action, and Plaintiff's counsel must recognize, then, that the FLSA's required opt-in procedure is certain to lead to a much smaller class than the proposed opt-out action. This in turn would lead to a much smaller recovery of attorneys' fees in the event of a favorable settlement or judgment. Such considerations should not dictate the result here, particularly when a far superior process exists to having a simultaneous opt-in and opt-out action.

---

[8] Because individual state law claims could be added for any individual who opts-in, and because of the ability to recover attorneys' fees, this case, therefore, differs significantly from the circumstances that the drafters of Rule 23 had in mind – "vindication of the rights of groups of people who individually would be without effective strength to bring their opponents into court at all." See Miller v. Hygrade Food Prods. Corp., 198 F.R.D. 638, 640 (E.D. Pa. 2001) (quoting Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 617 (1997)). See also Coleman v. Gen. Motors Acceptance Corp., 296 F.3d 443, 443 (6th Cir. 2002) (noting that "class treatment of claims is most appropriate where it is not 'economically feasible' for individuals to pursue their own claims").

## CONCLUSION

For the forgoing reasons and those set forth in Defendants' Initial Brief, Plaintiff's state law class action claims should be stricken.

Dated: December 21, 2007
New York, New York

MORGAN, LEWIS & BOCKIUS LLP

By: _____
Christopher A. Parlo (CP-4310)
Michael J. Puma (MP-5573)
Leni D. Battaglia (LB-4704)

101 Park Avenue
New York, New York 10178-0060
(212) 309-6000
(212) 309-6001 (fax)