**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

LISA EVANCHO, et al.,

    Plaintiffs,

v.

SANOFI-AVENTIS U.S. INC., et al.,

    Defendants.

CIVIL ACTION NO. 07-2266 (MLC)

**MEMORANDUM OPINION**

**COOPER, District Judge**

Plaintiffs, Lisa Evancho, J. Aleth Guiriba, and Patricia Maki (collectively, "plaintiffs"), bring this action against defendants, Sanofi-Aventis U.S. Inc. and Sanofi-Aventis U.S. LLC (collectively, "defendants"), on behalf of themselves and others similarly situated, asserting violations of, inter alia, (1) the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., (2) the Pennsylvania Minimum Wage Act of 1968 ("PMWA"), 43 Pa. Const. Stat. Ann. § 333.01, et seq., (3) Sections 201, 202, 226(a), (b), 226.7, 510, and 1174 of the California Labor Code and applicable California Industrial Welfare Commission Wage Orders, and (4) California's unfair competition law, Cal. Bus. & Prof. § 17200, et seq. (Dkt. entry no. 126, 2d Am. Compl.)[1] Plaintiffs allege the FLSA claims as a collective action pursuant to 29 U.S.C. §

---

[1] The proper plaintiffs as named in the complaint here are Lisa Evancho, J. Aleth Guiriba, and Patricia Maki. (See 2d Am. Comp.) The Court will direct the Clerk of the Court to terminate the additional plaintiffs listed on the docket and grant plaintiffs leave to file a Third Amended Complaint naming additional plaintiffs.

("Section") 216(b), and allege the Pennsylvania and California state-law claims as class actions pursuant to Federal Rule of Civil Procedure ("Rule") 23. (See id.)[2] Plaintiffs now move for conditional collective action certification, Hoffman-LaRoche notice, and equitable tolling as to the FLSA claims. (Dkt. entry no. 121.) Defendants cross-move to strike plaintiffs' Pennsylvania and California state-law class allegations pursuant to Rule 23(d)(4). (Dkt. entry no. 133.) The Court, for the reasons stated herein, will (1) deny the motion for conditional collective action certification, Hoffman-LaRoche notice, and equitable tolling, and (2) grant the cross motion to strike plaintiffs' state-law class allegations.

## BACKGROUND

Defendants are members of a pharmaceutical company. (2d Am. Compl., at ¶ 7.) They employ thousands of pharmaceutical representatives ("PRs") to provide information about and obtain sales of defendants' pharmaceutical products. (Dkt. entry no. 121, Pl. Br., at 4; dkt. entry no. 127, Def. Opp'n Br., at 15.)[3]

---

[2] Plaintiffs Lisa Evancho and J. Aleth Guiriba also assert claims under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq., as a class action pursuant to Rule 23. (See 2d Am. Compl.) These allegations will not be addressed as they are not relevant to the motions here.

[3] Defendants state that defendant Sanofi-Aventis U.S. Inc. is not a proper defendant, as PRs are employed by defendant Sanofi-Aventis U.S. LLC. (Def. Opp'n Br., at 1 n.1.) But Defendants have not moved to dismiss defendant Sanofi-Aventis U.S. Inc., and the parties have not stipulated to remove that defendant as a defendant in this action. For ease of reference, the Court will use the term "defendants" in this memorandum opinion.

2

PRs have the job title of "Sales Professional." (Pl. Br., at 4 n.5; Def. Opp'n Br., at 1.)[4] They work in one of four business units, either (1) Internal Medicine, (2) Cardiovascular, (3) Metabolism, or (4) Specialty Products. (Def. Opp'n Br., at 1.) They have various types of clients, including primary care physicians, specialists, and institutional clients. (Id.) They are paid a salary and are eligible for bonuses based on their job performance. (Def. Opp'n Br., at 5.)

PRs work in ninety-nine different regions in the United States. (Def. Opp'n Br., at 4.) Each region consists of approximately eight districts. (Id.) The number of PRs working in each district varies depending on, inter alia, geographic and demographic factors relevant to each district. (Id.) Each region has a Regional Sales Director, and each district has a District Sales Manager. (Id.) The Regional Sales Directors' responsibilities include, inter alia, overseeing the District Sales Managers. (Pl. Br., at 4.) The District Sales Managers' responsibilities include, inter alia, supervising all sales activity throughout their designated region and overseeing the PRs. (Id.)

---

[4] It appears that some PRs have various prefixes to their title of "Sales Professional", including, for example, "Senior", "Executive", "Specialty", "Oncology", or "Medical Center." (Pl. Br., at 4 n.5). Defendants, however, refer to the PRs simply as "Sales Professionals." (See Def. Opp'n Br.)

3

Plaintiff Lisa Evancho has been employed by the defendants as a PR in Pennsylvania since December 2005. (2d Am. Compl., at ¶ 8.) She asserts the Pennsylvania state-law class allegations under the PMWA against defendants pursuant to Rule 23, alleging that defendants, inter alia, failed to (1) provide overtime compensation, and (2) maintain accurate time records. (2d Am. Compl., at ¶ 66-74.) Plaintiff J. Aleth Guiriba was formerly employed by the defendants as a PR in California, from 1978 through 2006. (2d Am. Compl., at ¶ 9.) Plaintiff Patricia Maki also was formerly employed by the defendants as a PR in California, from December 2003 to November 2004. (2d Am. Compl., at ¶ 10.) Plaintiffs J. Aleth Guiriba and Patricia Maki allege that defendants violated California law by, inter alia, (1) failing to (a) provide overtime compensation, (b) maintain accurate time records, (c) pay for missed meal and rest periods, (d) pay wages due upon the termination of employment, and (e) furnish itemized wage statements, and (2) engaging in unlawful or unfair business acts or practices. (2d Am. Compl., at ¶¶ 75-106.) All three plaintiffs assert the FLSA claims as a collective action against the defendants pursuant to Section 216(b), alleging defendants, inter alia, failed to (1) provide overtime compensation, and (2) maintain accurate time records. (Id. at ¶¶ 59-65.)

Plaintiffs now move for conditional collective action certification, Hoffman-LaRoche notice, and equitable tolling.

4

(Dkt. entry no. 121.) Defendants cross-move to strike plaintiffs' state-law class allegations pursuant to Rule 23(d)(4). (Dkt. entry no. 133.)

**DISCUSSION**

**I. Plaintiffs' Motion for Conditional Collective Action Certification, <u>Hoffman-LaRoche</u> Notice, and Equitable Tolling**

    **A. Conditional Collective Action Certification and <u>Hoffman-LaRoche</u> Notice**

An FLSA action may proceed as a collective action under Section 216(b) if the potential collective action members are "similarly situated." 29 U.S.C. § 216(b); <u>Moeck v. Gray Supply Corp.</u>, No. 03-1950, 2006 WL 42368, at *4 (D.N.J. Jan. 6, 2006). A two-tier test applies when making this determination. <u>Moeck</u>, 2006 WL 42368, at *4. The Court first determines whether it should conditionally certify a collective action and give notice of the action to potential collective action members at the notice stage, occurring early in the case. <u>Id.</u>; <u>Morisky v. Pub. Serv. Elec. & Gas Co.</u>, 111 F.Supp.2d 493, 497 (D.N.J. 2000). The Court usually only has minimal evidence before it at this stage, in the form of pleadings and affidavits submitted by parties. <u>Morisky</u>, 111 F.Supp.2d at 497. As such, the Court uses a fairly lenient standard to determine whether potential collective action members are similarly situated. <u>Id.</u>

Certification at the notice stage, however, is not automatic; substantial allegations that the putative class members were

5

together the victims of a single decision, policy, or plan infected by discrimination are required. Id. Unsupported assertions of widespread violations are not sufficient. Freeman v. Wal-Mart Stores, Inc., 256 F.Supp.2d 941, 945 (W.D. Ark. 2003). Plaintiffs must show a factual nexus between their situation and the situation of other current and former employees sufficient to determine that they are similarly situated. Aquilino v. Home Depot, Inc., No. 04-4100, 2006 WL 2583563, at *2 (D.N.J. Sept. 7, 2006). There must be a basis to conclude that questions common to a potential group of plaintiffs would predominate a determination of the merits in the case. Mike v. Safeco Ins. Co. of Am., 274 F.Supp.2d 216, 220 (D. Conn. 2003).

The Court makes a second determination after discovery is nearly complete and the case is ready for trial. Morisky, 111 F.Supp.2d at 497. At this stage, the Court has more information before it, and thus applies a stricter standard to determine whether the collective action members are "similarly situated" and thus can proceed to trial as a collective action. Moeck, 2006 WL 42368, at *4; Morisky, 111 F.Supp.2d at 497.

A motion for conditional class certification may be denied, however, even under the less strict standard applied at the notice stage, if plaintiffs allege that potential collective action members are similarly situated because they were improperly classified by their employer as exempt from the FLSA.

See Aguirre v. SBC Commc'ns, Inc., No. 05-3198, 2006 WL 964554, at *7 (S.D. Tex. Apr. 11, 2006). Employees' status under the FLSA may vary, even if they have the same job title, if their job responsibilities and duties differ among each other. See id.; Diaz v. Elecs. Boutique of Am., Inc., No. 04-0840, 2005 WL 2654270, at *4 (W.D.N.Y. Oct. 17, 2005). This is because such differences are relevant to the statutory criteria of the FLSA exemptions. See Aguirre, 2006 WL 964554, at *7; Diaz, 2005 WL 2654270, at *4.

Potential collective action members, thus, are not "similarly situated" as to FLSA status when that status may differ depending on their job responsibilities and duties. See, e.g., Aguirre, 2006 WL 964554, at *7 (denying motion for conditional certification because differences among potential plaintiffs' job responsibilities and duties predominated over similarities); Diaz, 2005 WL 2654270, at *4 (denying motion for conditional certification because plaintiff was not similarly situated to others with same job title, as job responsibilities differed); Reich v. Homier Distrib. Co., Inc., 362 F.Supp.2d 1009, 1013-15 (N.D. Ind. 2005) (denying motion for conditional certification because plaintiff and potential collective action members were not similarly situated, as application of FLSA exemption would depend on each employee's specific duties).

This case is at the notice stage as little discovery has taken place. (Pl. Br., at 2; Def. Opp'n Br., at 1.) Plaintiffs argue that notice-stage certification and dissemination of notice is appropriate here because PRs have (1) the same primary job duty, and (2) been classified by defendants as exempt from the FLSA. (Pl. Br., at 12-14.) Defendants contend that all PRs are not "similarly situated" as to a uniform illegal policy, because they fall within either the "outside sales" or "administrative" exemption to the FLSA. (Def. Opp'n Br., at 15-40.)

The FLSA exempts "any employee employed . . . in the capacity of outside salesman." 29 U.S.C. § 213(a)(1). An employee meets this exemption when, <u>inter alia</u>, that employee's "primary duty" consists of "making sales." 29 C.F.R. § 541.500. Whether an employee is engaged in "making sales" within the meaning of this exemption is a fact-intensive inquiry dependent on each employee's job responsibilities and duties. <u>Nielsen v. Devry, Inc.</u>, 302 F.Supp.2d 747, 756 (W.D. Mich., 2003) ("[i]n deciding whether an employee is an outside salesperson, the Court must look beyond labels and descriptions and also inquire into the particular facts of the actual work performed.") Plaintiffs argue that "visiting medical professionals to deliver sanofi-aventis product information", does not constitute a "primary duty" of "making sales" in order to fall within this exemption. (Pl. Br., at 12.) Defendants point out, however, that PRs

selling dermatological products, for example, are engaged in "making sales", as they sell pharmaceutical products directly to physicians, as opposed to only delivering product information. (Def. Opp'n Br., at 17.) Whether a particular PR's job responsibilities and duties consist of "making sales", therefore, may differ among PRs. (See id.)

The administrative exemption exempts any employee "employed in a bona fide . . . administrative . . . capacity." 29 U.S.C. § 213(a)(1). An employee meets the administrative exemption when, inter alia, that employee's "primary duty includes the exercise of discretion and independent judgment with respect to matters of significance." 29 C.F.R. § 541.200(a)(3). Plaintiffs contend that the "duty to deliver pre-approved product information to medical professionals using pre-approved means" does not satisfy this requirement in order to exempt PRs as administrative employees. (Pl. Br., at 12-13.) For example, plaintiffs state that their work is "closely monitored and directed", and that they are "required to adhere closely to written materials provided to [them] by [their employer] when [speaking] with medical professionals." (Dkt. entry no. 121, Decl. of Lisa Evancho, at ¶ 6; dkt. entry no. 121, Decl. of Aleth Guiriba, at ¶ 6; dkt. entry no. 121, Decl. of Patricia Maki, ¶ 6.)

Some of defendants' declarations, however, suggest that this is not accurate for other PRs. (See, e.g., dkt. entry no. 127,

9

Decl. of Susan Zanetti, at ¶ 3 (stating that "[w]hile there are guidelines as to when we should be in the field, no one on any given day tells me when I must be at work or doing anything in particular"); dkt. entry no. 127, Decl. of Jennifer Walker, at ¶ 7 (stating that "[i]t would be impossible to follow a script [when visiting a client] given the need to adapt to the particular circumstances of each visit"); dkt. entry no. 127, Decl. of Justin Mott, at ¶¶ 5, 7 (stating that "I am not required to adhere strictly to [Sanofi-Aventis's] recommendations" and "I am free to discuss with physicians whatever topics I feel are appropriate").)[5] Whether PRs' job responsibilities and duties involve the exercise of discretion and judgment, therefore, may differ among PRs. (See id.)

While the Court need not reach the merits of these exemption arguments at this point, these differences between various PRs' descriptions of their job responsibilities and duties show that status under the FLSA may vary among plaintiffs and potential collective action members. See Aguirre, 2006 WL 964554, at *7; Diaz, 2005 WL 2654270, at *4. Thus, at this juncture, it appears that plaintiffs are not "similarly situated" to potential collective action members as to their status under the FLSA, so

---

[5] Plaintiffs have objected to the declarations submitted by defendants in opposition to plaintiffs' motion. (Dkt. entry no. 153.) The Court has considered these objections and finds them to be without merit.

conditionally certifying a collective action pursuant to Section 216(b) would be inappropriate. See Aquirre, 2006 WL 964554, at *7; Diaz, 2005 WL 2654270, at *4. Further, as the Court is denying plaintiffs' motion for conditional collective action certification, it will not facilitate notice to potential collective action members.

**B. Equitable Tolling**

The statute of limitations under the FLSA is not tolled until an individual party plaintiff files written consent to join the action. 29 U.S.C. § 256. As such, even if a complaint alleging FLSA claims as a collective action is filed, a potential collective action member's claims will not be tolled unless that claimant files written consent to join the action. Id.; see also Perella v. Colonial Transit, Inc., 148 F.R.D. 147, 149 (W.D. Pa. 1991) ("[A] claim is not asserted, for purposes of the statute of limitations, until both the complaint and the claimant's individual written consent are filed.") Some courts, as a result, when granting a motion for conditional collective action certification, have equitably tolled the statute of limitations for potential collective action members when they have been unable to join the action through no fault of their own. See, e.g., Baldozier v. Am. Family Mut. Ins. Co., 375 F.Supp.2d 1089, 1093 (D. Colo. 2005); Adams v. Inter-Con Sec. Sys., Inc., 242 F.R.D. 530, 543 (N.D. Cal. 2007). The Court here, however,

11

intends to deny the motion for conditional collective action certification, as discussed supra. As such, it will not equitably toll the FLSA claims as to unknown prospective claimants because plaintiffs have not shown there are potential collective action members similarly situated to the plaintiffs for whom equitable tolling may be justified.[6]

## II. Defendants' Cross Motion to Strike Plaintiffs' State-Law Class Allegations

Plaintiffs alleging violations of the FLSA may proceed in a collective action pursuant to Section 216(b), as discussed supra. Any individual who wishes to become a member of such a collective action, however, must affirmatively consent, or opt-in, to join the action. 29 U.S.C. § 216(b) ("[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought"); Moeck, 2006 WL 42368, at *4. "Congress created the opt-in procedure under the FLSA for the purpose of limiting private FLSA plaintiffs to employees who asserted claims in their own right and freeing employers from the burden of representative actions." Moeck, 2006 WL 42368, at *5.

---

[6] Equitable tolling is appropriate if (1) the defendant has actively misled the plaintiff, (2) the plaintiff has in some extraordinary way been prevented from asserting his rights, or (3) the plaintiff has timely asserted rights mistakenly in the wrong forum. Genarie v. PRD Mgmt., Inc., No. 04-2082, 2006 WL 436733, at *15 (D.N.J. Feb. 17, 2006).

12

State law class actions brought pursuant to Rule 23, by contrast, include all putative class members in the class action unless those individuals expressly state otherwise, or opt-out of the action. Fed.R.Civ.P. 23(c)(2)(B); Hyman v. WM Fin. Servs., Inc., No. 06-4038, 2007 WL 1657392, at *2 (D.N.J. June 7, 2007). FLSA plaintiffs may not certify a class under Rule 23; they must proceed as an opt-in collective action pursuant to Section 216(b). De Asencio v. Tyson Foods, Inc., 342 F.3d 301, 306 (3d Cir. 2003).

Plaintiffs here are attempting to bring both an FLSA "opt-in" collective action and state-law Rule 23 "opt-out" class actions, both based on claims related to defendants' failure to provide overtime compensation to PRs. (Dkt. entry no. 156, Pl. Opp'n Br., at 2.) Plaintiffs, however, are not permitted to "circumvent the opt-in requirement and bring unnamed parties into federal court by calling upon state statutes similar to the FLSA", as this would "undermine Congress's intent to limit these types of claims to collective actions." See Moeck, 2006 WL 42368, at *5; see also Otto v. Pocono Health Sys., 457 F.Supp.2d 522, 524 (M.D. Pa. 2006) (granting defendants' motion to dismiss plaintiffs' PMWA claims when plaintiffs also alleged violations of the FLSA because "[t]o allow [a] Section 216(b) opt-in action to proceed accompanied by a Rule 23 opt-out state law class action claim would essentially nullify Congress's intent in

13

crafting Section 216(b) and eviscerate the purpose of Section 216(b)'s opt-in requirement"); Himmelman v. Cont'l Cas. Co., No. 06-166, 2006 WL 2347873, at *1-*2 (D.N.J. Aug. 11, 2006) (granting defendant's motion to dismiss plaintiff's state-law class allegations relating to overtime compensation under Rule 23 as legally incompatible with FLSA collective action); Herring v. Hewitt Assocs., Inc., No. 06-267, 2006 WL 2347875, at *1-*2 (D.N.J. Aug. 11, 2006) (same).  Therefore, even if, assuming arguendo, jurisdiction exists here for the state-law claims, plaintiffs cannot simultaneously bring a Rule 23 state-law class action and an FLSA collective action for overtime compensation. See Moeck, 2006 WL 42368, at *5.[7]

---

[7] Defendants argue that allowing plaintiffs' FLSA opt-in collective action and state-law opt-out class action to proceed together would violate the Rules Enabling Act.  (Def. Br., at 11-16.)  The Court need not address this argument, but notes that several courts confronted with this argument have rejected it. See, e.g., Lehman v. Legg Mason, Inc., No. 06-2484, 2007 WL 2768519, at *4-*5 (M.D. Pa. Sept. 20, 2007) (holding that Rules Enabling Act does not preclude FLSA collective actions and state-law class actions to proceed together); Westerfield v. Wash. Mut. Bank, No. 06-2817, 2007 WL 2162989, at *1-*2 (E.D.N.Y. July 26, 2007) (same); Klein v. Ryan Beck Holdings, Inc., No. 06-3460, 2007 WL 2059828, at *5-*7 (S.D.N.Y. July 13, 2007) (same); Farhy v. Janney Montgomery Scott, LLC, Nos. 06-3202 & 06-3969, 2007 WL 1455764, at *1 (E.D. Pa. Apr. 26, 2007) (same).

14

## CONCLUSION

The Court, for the reasons stated supra, will (1) deny the motion for conditional collective action certification, Hoffman-LaRoche notice, and equitable tolling, and (2) grant the cross motion to strike. The Court will issue an appropriate order.

                                      s/ Mary L. Cooper  
                                      **MARY L. COOPER**  
                                      United States District Judge

**Dated:** December 18, 2007