RECEIVED

**Outten & Golden LLP**
Adam T. Klein (AK 3293)
Piper Hoffman (PH 4990)
Cara E. Greene (CG 0722)
Rachel Bien (RB 6919)
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: 212-245-1000

08 FEB 19 PM 4: 59

U.S. DISTRICT COURT
S.D.N.Y.

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

---

**HYLA GOLD**, individually, and on behalf of all others
similarly situated as class representative,

                                        Plaintiff,

            -against-

**CLEAR CHANNEL COMMUNICATIONS, INC.** and
**CLEAR CHANNEL OUTDOOR HOLDINGS, INC.,**

                            Defendants.

**AMENDED CLASS
ACTION COMPLAINT**

**Jury Trial Demanded**

07-Civ-8204 (DLC)

---

Plaintiff Hyla Gold, individually and on behalf of all others similarly situated, by her

attorneys, Outten and Golden LLP, alleges, upon personal knowledge as to herself, and upon

information and belief as to other matters, as follows:

**NATURE OF THE ACTION**

1.      Clear Channel Outdoor Holdings, Inc. ("Clear Channel Outdoor"), a subsidiary of

Clear Channel Communications, Inc. ("Clear Channel") (collectively "Defendants"), is the

world's largest outdoor advertising agency, reaching customers throughout the United States and

around the world through billboards; taxi, airport, mall, and mass transit advertising; and street

furniture.

1

2.    Clear Channel Outdoor promotes its outdoor advertising by claiming that "you can't turn it off, throw it away, or click on the next page." It states that outdoor advertising "is reaching consumers everywhere — all the time, everyday."

3.    Clear Channel Outdoor relies on Sales Representatives to sell and service its outdoor advertisement space. Like the advertisement space they sell and service, Sales Representatives are always "on." They regularly work over 40 hours each week. But Clear Channel Outdoor does not properly compensate them for all of this time.

4.    By the conduct described in this Class Action Complaint, Clear Channel and Clear Channel Outdoor have violated the Fair Labor Standards Act and New York Labor Law by failing to pay their employees proper overtime compensation. These violations arose out of Defendants' company-wide policies and pattern or practice of violating wage and hour laws.

5.    Plaintiff brings individual and representative claims to remedy these violations. Plaintiff brings her Fair Labor Standards Act ("FLSA") claims as a collective action, on her own behalf and on behalf of other similarly situated employees, under 29 U.S.C. §§ 201 *et seq.*, and specifically, the collective action provision at 29 U.S.C. § 216(b).

6.    Plaintiff brings individual and representative wage claims under New York Labor Law Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142, ("NYLL"), on her own behalf and as a class action pursuant to Fed. R. Civ. P. 23.

7.    Plaintiff brings discrimination claims on her own behalf against Defendants under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"); the New York State Human Rights Law ("NYSHRL"), New York Executive Law §§ 290 *et seq.*;

and the New York City Human Rights Law ("NYCHRL"), New York City Administrative Code §§ 8-101 *et seq.*

## JURISDICTION AND VENUE

8.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and jurisdiction over Plaintiff's state and city law claims pursuant to 28 U.S.C. §§ 1332 and 1367.

9.      In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

10.      The amount in controversy in this matter exceeds the sum or value of $5,000,000, exclusive of interest and costs.

11.      At least one member of the proposed class is a citizen of a state different from that of at least one Defendant.

12.      Plaintiff's claims involve matters of national or interstate interest.

13.      Upon information and belief, at least one Defendant is subject to personal jurisdiction in New York.

14.      This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

15.      Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391.

16.      A substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this district and in New York, New York.

## THE PARTIES

*Plaintiff*

17.      Plaintiff Hyla Gold is an adult individual residing in Harrison, New York.

- 3 -

18.    Gold is currently an Account Executive for Clear Channel Outdoor and has been employed by Clear Channel Outdoor in that position since approximately March 2005.

19.    Prior to working as an Account Executive, Gold was a Sales Service Account Executive for Clear Channel Outdoor from 2000 until approximately March 2005.

20.    Gold has consented in writing to be a party to the FLSA claims in this action pursuant to 29 U.S.C. § 216(b).

21.    Gold is a covered employee within the meaning of the FLSA and the NYLL.

**Defendants**

22.    Defendant Clear Channel Communications is a Texas corporation with headquarters at 200 E. Basse Rd., San Antonio, Texas.

23.    Clear Channel Outdoor, a Delaware corporation, is a subsidiary of Clear Channel Communications, Inc. with headquarters at 2201 East Camelback Rd., Suite 500, Phoenix, Arizona.

24.    Defendant Clear Channel Outdoor is in the business of providing outdoor advertising space for its corporate clients and operates offices in New York and in 56 other markets within the United States.

25.    Upon information and belief, Defendants maintain control, oversight, and direction over the operation of the offices in which Plaintiff worked, including the payroll and other employment practices therein.

26.    Defendants functioned as Plaintiff's "employer" as that term is used in all relevant laws.

## COLLECTIVE ALLEGATIONS

27.    Plaintiff brings FLSA claims on behalf of the "FLSA Collective": Herself and all

- 4 -

other similarly situated current and former employees who work or have worked for Clear

Channel Outdoor as Sales Representatives (including Local Account Executives, National

Account Executives, New Business Development Executives, Sales Service Account Executives,

Account Managers, and other similar positions) during the last three years and who elect to opt

into this action (the "FLSA Collective").

        28.      Defendants are liable under the FLSA for, among other things, failing to properly

compensate Plaintiff and members of the FLSA Collective for the hours they worked. Upon

information and belief, there are many similarly situated current and former employees of Clear

Channel Outdoor who have been underpaid in violation of the FLSA who would benefit from the

issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present

lawsuit. Those similarly situated employees are known to Clear Channel Outdoor, are readily

identifiable, and can be located through records Clear Channel Outdoor is legally obligated to

maintain in an easily accessible state. Notice of this case should be sent to the FLSA Collective

pursuant to 29 U.S.C. § 216(b).

        29.      All of the work that Plaintiff and the FLSA Collective have performed has been

assigned by the Defendants and/or Defendants have been aware of all of the work that Plaintiff

and the FLSA Collective have performed.

        30.      Upon information and belief, as part of their regular business practice, Defendants

have intentionally, willfully, and repeatedly engaged in a policy and pattern or practice of

violating the FLSA with respect to their Sales Representatives, including Plaintiff and the FLSA

Collective. This policy and pattern or practice includes, but is not limited to:

                a.      willfully depriving their Sales Representatives, including Plaintiff, of wages to
                        which they are entitled under the law;

- 5 -

      b.     requiring, suffering, and/or permitting their Sales Representatives, including

Plaintiff, to work many hours beyond 40 in a workweek without paying them

overtime wages as required by the FLSA; and

      c.     willfully failing to keep payroll records as required by the FLSA, including

failing to record all of the time that Sales Representatives have worked for

Defendants' benefit.

31.     Upon information and belief, Defendants' unlawful conduct described in this

Complaint is pursuant to a corporate policy or practice of minimizing labor costs by violating the

FLSA.

32.     Upon information and belief, Defendants' unlawful conduct has been widespread,

repeated, and consistent.

## CLASS ACTION ALLEGATIONS

33.     Plaintiff brings this claim for violations of the New York Labor Law on behalf of

herself and a class of persons as a class action pursuant to Rule 23 of the Federal Rules of Civil

Procedure.

34.     The class consists of all persons who work or have worked for Clear Channel

Outdoor as Sales Representatives (including Local Account Executives, National Account

Executives, New Business Development Executives, Sales Service Account Executives, Account

Managers, and other similar positions) in the State of New York during the period six years prior

to the date of commencement of this action through the date of final disposition of this action (the

"Class").

35.     Excluded from the Class are Defendants' legal representatives, officers, directors,

assigns, and successors, or any individual who has, or who at any time during the class period has

had, a controlling interest in Defendants; the Judge to whom this case is assigned and any member of the Judge's immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Class.

36.     The period of six years prior to the date of commencement of this action through the date of final disposition of this action is the class period.

37.     The employees in the Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such employees is unknown, and the facts on which the calculation of that number depend are presently within the sole control of Defendants, upon information and belief, there are at least forty members of the Class during the class period.

38.     Defendant has acted or has refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

39.     Common questions of law and fact exist as to Plaintiffs and the Class that predominate over any questions only affecting them individually and include, but are not limited to, the following:

a.     whether Defendants have failed to pay Plaintiffs and the Class overtime compensation for hours worked in excess of 40 hours per workweek within the meaning of New York Labor Law Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations, 12 N.Y.C.R.R. Part 142;

b.     what proof of hours worked is sufficient where an employer fails in its duty to maintain true and accurate time records;

c.     whether Defendants have failed to keep true and accurate time records for all

hours worked by Plaintiffs and the Class;

     d.    the nature and extent of Class-wide injury and the appropriate measure of damages for the Class;

     e.    whether Defendants have engaged in a policy, pattern, or practice of not paying Sales Representatives overtime compensation for hours worked over 40 per workweek in violation of the New York Labor Law; and

     f.    whether Defendants have engaged in a policy, pattern, or practice of misclassifying non-exempt employees so as to avoid paying overtime compensation.

40.    Plaintiff will fairly and adequately represent and protect the interests of the Class.

41.    Plaintiff has retained counsel competent and experienced in complex class actions and in labor and employment litigation.

42.    A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of a wage and hour litigation like the present action – where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit against a corporate defendant. The members of the Class have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices, and procedures. Although the relative damages suffered by individual class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

## FACTUAL ALLEGATIONS

43.    Plaintiff and the members of the New York Rule 23 Class and the FLSA

Collective (collectively "Class Members") have been victims of a common policy and plan

perpetrated by Defendants that violated their rights under the FLSA and NYLL by denying them

overtime premium compensation that they earned.

44.    Upon information and belief, pursuant to Defendants' official corporate policy

and pattern or practice of minimizing labor costs by violating the FLSA and NYLL, Defendants

have failed to pay Plaintiff and the Class wages that they have earned, including overtime wages.

45.    Upon information and belief, pursuant to Defendants' official corporate policy

and pattern or practice, Defendants have misclassified Sales Representatives, including Plaintiff

and the Class, as exempt from overtime provisions and have failed to pay them wages that they

have earned.

46.    Defendants' practice of requiring or permitting their employees, including

Plaintiff and the Class, to work more than 40 hours in a workweek without paying them overtime

wages as required by law is in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.*

and its supporting regulations.

47.    Defendants' practice of requiring or permitting their employees, including

Plaintiff and the Class, to work more than 40 hours in a workweek without paying them overtime

wages as required by law is in violation of New York Labor Law, Article 19, §§ 650 *et seq.*, and

the supporting New York State Department of Labor regulations,12 N.Y.C.R.R. Part 142.

48.    Plaintiff and the class have regularly worked in excess of 40 hours per week

without receiving compensation at one and one-half times the regular hourly rate.

49.    Upon information and belief, as part of its regular business practice, Defendants

have repeatedly engaged in a policy and pattern or practice of violating NYLL and the FLSA with

respect to Plaintiff and the Class.  This policy and pattern or practice includes but is not limited

to:

      a.     depriving employees, including Plaintiff and the Class, of wages to which they are entitled under the law;

      b.     requiring, suffering, and/or permitting employees, including Plaintiff and the Class, to work many hours beyond 40 in a workweek without paying them overtime wages as required by law;

      c.     failing to keep payroll records with respect to Plaintiff and the Class as required by law; and

      d.     failing to record all of the time that employees, including Plaintiff and the Class, have worked for the Defendants' benefit.

50.     Upon information and belief, Defendants' unlawful conduct has been widespread, repeated, and consistent.

51.     Defendants have assigned and/or been aware of all of the work that Plaintiff and the Class have performed.

## PLAINTIFF'S FACTUAL ALLEGATIONS

52.     Gold is a current employee of Clear Channel Outdoor.

53.     Gold has been a Sales Representative, in the position of National Account Executive, for Clear Channel Outdoor since approximately March 2005.

54.     As a Sales Representative for Clear Channel Outdoor, Plaintiff's primary job duty is selling and servicing outdoor advertising accounts for corporate clients.

55.     As a Sales Representative, Gold is paid on a pure commission basis with no guaranteed minimum salary.

56.     As a Sales Representative, Gold regularly works more than 40 hours per

- 10 -

workweek.

57.    Prior to working as a National Account Executive, Gold worked as a Sales Service Account Executive, from 2000 until March 2005.

58.    As a Sales Service Account Executive for Clear Channel Outdoor, Plaintiff's primary job duty was assisting National and Local Account Executives and servicing outdoor advertising accounts for corporate clients.

59.    As a Sales Service Account Executive, Gold was misclassified as an exempt employee.

60.    As a Sales Service Account Executive, Gold regularly worked more than 40 hours per workweek.

61.    Defendants have not paid Gold for all of the time that she has worked in excess of 40 hours per workweek and have never paid Gold a premium for time that she has worked in excess of 40 in a workweek.

62.    Upon information and belief, consistent with their policy and pattern or practice, Defendants have not kept accurate records with respect to Gold as required by the FLSA.

63.    Consistent with Defendants' policy and pattern or practice, Plaintiff has regularly worked in excess of 40 hours per workweek without being paid overtime wages as required by the FLSA.

64.    Defendants have discriminated against Gold because she was pregnant and intended to take pregnancy leave and because she is a female.

65.    In March 2005, Gold was promoted from the position of Sales Service Account Executive to the position of National Account Executive and assigned exclusively to the Verizon account.

66.    The Verizon account was a financially lucrative account, entitling Gold to large commissions.

67.    Gold continued to work on the Verizon account from March 2005 through November 2005.

68.    In approximately September 2005, Gold informed her supervisor, Chris Cockerill, that she was pregnant and would be taking maternity leave beginning in March 2006.

69.    On approximately December 2, 2005, during her annual review, Gold's supervisors informed her that they were going to take the Verizon account away from her.

70.    At the same time, Gold's supervisors told her that they were moving her to the position of New Business Development Account Executive.

71.    The New Business Development position is reasonably viewed as a demotion from National Account Executive.

72.    The portfolio for the New Business Development position is comprised of unstable, low revenue accounts.

73.    As a result of the demotion, Gold's annual income has been substantially decreased.

74.    During the December 2005 annual review, Gold's supervisors also told her that she would not be receiving commission payouts on the Verizon account for her work during November and December 2005, that she would not receive any portion of the year-end bonus she earned for exceeding the Verizon budget, and that she would not receive commissions for the renewals and incremental increases she had secured for 2006.

- 12 -

75.    Defendants removed Gold from the Verizon account, assigned her to the New Business Development position, and denied her earned commissions and bonus because she was pregnant and had informed her supervisors of her intent to take leave for the birth of her child.

76.    Once Gold was in the New Business Development position, Clear Channel Outdoor failed to assign her accounts because she was pregnant.

77.    In January 2006, Gold complained to Cockerill about the unfair and discriminatory treatment she was receiving.

78.    Cockerill dismissed her complaints without investigation.

79.    Gold also complained to Ann Van Voorhees, Human Resources Representative, about the discriminatory treatment.

80.    Van Voorhees did not investigate the discriminatory treatment.

81.    Clear Channel has a pattern and practice of discriminating against women, including Gold.

82.    Defendants give their supervisors, the overwhelming majority of whom are male, complete discretion in the assignment of sales accounts.

83.    Supervisors assign accounts that generate substantial revenues to men, which results in higher commissions for men.

84.    When women, such as Gold, successfully increase their account revenue through their own effort, their supervisors remove the profitable accounts from the women's portfolios and give them to men, resulting in decreased commissions for the women and higher commissions for the men.

- 13 -

85.     Gold filed a charge with the Equal Employment Opportunity Commission ("EEOC") on June 8, 2006, wherein she charged Defendants with discrimination on the basis of gender and pregnancy.

86.     On November 19, 2007, the EEOC issued a Notice of Right to Sue, which Ms. Gold received on November 21, 2007.

## FIRST CAUSE OF ACTION
### Fair Labor Standards Act
### (Brought on behalf of Plaintiffs and the FLSA Collective)

87.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

88.     Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA, as detailed in this Amended Class Action Complaint.

89.     At all times relevant, Plaintiff and the FLSA Collective were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

90.     The overtime wage provisions set forth in the FLSA apply to Defendants and protect Plaintiff and the FLSA Collective.

91.     Defendant is an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

92.     At all times relevant, Plaintiff and the FLSA Collective were or have been employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

93.     Defendants have failed to pay Plaintiff and the FLSA Collective the overtime wages to which they are entitled under the FLSA.

- 14 -

94.    Defendants' violations of the FLSA, as described in this Class Action Complaint, have been willful and intentional.

95.    Defendants have not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff and the FLSA Collective.

96.    Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

97.    As a result of Defendants' violations of the FLSA, Plaintiff and the FLSA Collective have suffered damages by being denied overtime wages in accordance with the FLSA.

98.    As a result of Defendants' unlawful acts, Plaintiff and the FLSA Collective have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
### (New York Labor Law: Unpaid Overtime Wages)
### (Brought on Behalf of Plaintiffs and the Class)

99.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

100.    At times relevant to this action, Plaintiff and the Class Members were employees and Defendants were employers within the meaning of Article 19 of the NYLL.

101.    The overtime wage provisions of Article 19 of the NYLL and its supporting regulations apply to Defendants.

102.    Defendants have failed to pay Plaintiff and the Class Members the overtime wages to which they were entitled under the NYLL.

- 15 -

103.    By Defendants' failure to pay Plaintiff and the Class Members overtime wages for hours worked in excess of 40 hours per week, Defendant willfully violated Article 19 of the NYLL and the supporting regulations.

104.    Due to Defendants' violations of the New York Labor Law, Plaintiff and the Class Members are entitled to recover from Defendants their unpaid overtime wages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

105.    Plaintiff and the Class Members do not seek liquidated damages under the NYLL.

### THIRD CAUSE OF ACTION
**(Title VII: Unlawful Employment Discrimination
Based on Gender and Pregnancy)
(Brought on Behalf of Plaintiff Individually)**

106.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

107.    Defendants are an employer and Plaintiff is an employee within the meaning of Title VII.

108.    Defendants willfully discriminated against Plaintiff on the basis of her gender and pregnancy by treating her less favorably than similarly-situated males and similarly-situated non-pregnant females in the terms and conditions of her employment in violation of Title VII.

### FOURTH CAUSE OF ACTION
**(New York State Human Rights Law:
Unlawful Employment Discrimination Based on Gender and Pregnancy)
(Brought on Behalf of Plaintiff Individually)**

109.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

110.    Defendants are an employer and Plaintiff is an employee within the meaning of the NYSHRL.

- 16 -

111.    Defendants willfully discriminated against Plaintiff on the basis of her gender and pregnancy by treating her less favorably than similarly-situated males and similarly-situated non-pregnant females in the terms and conditions of her employment in violation of the New York State Human Rights Law.

### FIFTH CAUSE OF ACTION
**(New York City Human Rights Law:
Unlawful Employment Discrimination Based on Gender and Pregnancy)
(Brought on Behalf of Plaintiff Individually)**

112.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

113.    Defendants are an employer and Plaintiff is an employee within the meaning of the NYCHRL.

114.    Defendants willfully discriminated against Plaintiff on the basis of her gender and pregnancy by treating her less favorably than similarly-situated males and similarly-situated non-pregnant females in the terms and conditions of her employment in violation of the New York City Human Rights Law.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, prays for the following relief under the first and second causes of action:

A.    That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, been employed by

Defendants as Sales Representatives. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B.    Unpaid wages and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

C.    Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

D.    Designation of Plaintiff as representative of the Rule 23 Class, and counsel of record as Class Counsel;

E.    Issuance of a declaratory judgment that the practices complained of in this Amended Class Action Complaint are unlawful under NYLL Article 6, §§ 190 *et seq.* and NYLL Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations;

F.    Unpaid overtime pay pursuant to NYLL Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations (Plaintiffs do not seek liquidated damages under the NYLL on behalf of the Rule 23 Class);

G.    Unpaid regular wages at the agreed rate pursuant to NYLL Article 6, §§ 190 *et seq,*, and the supporting New York State Department of Labor regulations (Plaintiffs do not seek liquidated damages under the NYLL on behalf of the Rule 23 Class);

H.    Pre-judgment interest and post-judgment interest;

I.    An injunction requiring Defendant to pay all statutorily required wages pursuant to the NYLL;

J.    Reasonable attorneys' fees and costs of the action; and

K.    Such other relief as this Court shall deem just and proper; and

- 18 -

**WHEREFORE**, Plaintiff individually prays for the following relief under the third, fourth, and fifth causes of action:

        L.      An order prohibiting Defendants from continuing or maintaining the policy, practice, and/or custom of denying job benefits to employees on the basis of gender and pregnancy;

        M.     Actual damages to be determined at trial, including but not limited to lost wages, benefits, and promotional opportunities, and front pay compensating Plaintiff for loss of future salary and benefits;

        N.      Compensatory damages to be determined at trial for garden-variety emotional distress sustained by Plaintiff;

        O.      A declaration that Defendants' actions are in violation of Title VII;

        P.      A declaration that Defendants' actions are in violation of the New York State Human Rights Law;

        Q.      A declaration that Defendants' actions are in violation of the New York City Human Rights Law;

        R.      Punitive damages;

        S.      Attorneys' fees and costs of the action; and

        T.      Such other relief as this Court shall deem just and proper.

Dated: February 19, 2008
      New York, New York

                 Respectfully submitted,

                 OUTTEN & GOLDEN LLP

                 By: _____
                   Piper Hoffman

**Outten & Golden LLP**
Adam T. Klein (AK 3293)
Piper Hoffman (PH 8972)
Cara E. Greene (CG 0722)
Rachel Bien (RB 6919)
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000

**Attorneys for Plaintiffs and the Putative Class**

**Outten & Golden LLP**
Adam T. Klein (AK 3293)
Piper Hoffman (PH 4990)
Cara E. Greene (CG 0722)
Rachel Bien (RB 6919)
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: 212-245-1000

RECEIVED

08 FEB 19 PM 4: 59

U.S. DISTRICT COURT
S.D.N.Y.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

---

**HYLA GOLD,** individually, and on behalf of all others
similarly situated as class representative,

                                        Plaintiff,

        -against-

**CLEAR CHANNEL COMMUNICATIONS, INC.** and
**CLEAR CHANNEL OUTDOOR HOLDINGS, INC.,**

                                        Defendants.

**Declaration of Piper
Hoffman in Support of
Plaintiff's Amended
Complaint**

---

I, Piper Hoffman, declare, upon personal knowledge and under penalty of perjury,
that the following is true and correct:

1.      I am a partner at Outten & Golden LLP, attorneys for Plaintiff herein, and

am an attorney in good standing admitted to practice in the State of New York and before

this Court. I make this declaration in support of Plaintiff's filing of an Amended

Complaint.

2.      Attached as Exhibit A to this declaration is a true and correct copy of an

email exchange between, on the one hand, Christopher Parlo and Leni Battaglia, counsel for

Defendants, and on the other, Cara Greene, counsel for Plaintiff and an associate of my law

firm.

3.      In this email exchange, Mr. Parlo states in writing that Defendants have "no objection to you filing an amended complaint in the form you have provided and consents to you doing so." Ex. A at 1.

4.      The enclosed Amended Complaint is the same "amended complaint in the form" that Mr. Parlo reviewed.

5.      Plaintiff will submit a joint stipulation to the filing of the amended complaint signed by counsel for both parties.

Dated: February 19, 2008
       New York, NY

**Outten & Golden LLP**
Adam T. Klein (AK 3293)
Piper Hoffman (PH 4990)
Cara E. Greene (CG 0722)
Rachel Bien (RB 6919)
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000

**Attorneys for Plaintiff and the Putative Class**

# Exhibit A

## Hoffman, Piper

| | |
|---|---|
| **From:** | cparlo@morganlewis.com |
| **Sent:** | Monday, February 18, 2008 9:34 AM |
| **To:** | Greene, Cara; lbattaglia@morganlewis.com |
| **Cc:** | Hoffman, Piper; Bien, Rachel; mpuma@morganlewis.com |

**Subject:** Re: Gold V. Clear Channel–stipulation re: amending the complaint

Cara,

Consistent with our last discussion and agreement Defendant has no objection to you filing an amended complaint in the form you have provided and consents to you doing so. You may indicate such consent if you file a motion but my understanding of the rules is that with consent you do not need to file a motion. We are also authorized to accept service once the complaint is filed. As to any issue of tolling, we did not discuss it on any call and therefore did not agree to it. We are also not in a position to do so today. If you can explain to us why it is an issue under the rules we will review the issue. Please keep in mind however that I have very limited email response ability this week.

Chris

----- Original Message -----
**From:** "Greene, Cara" [CEG@outtengolden.com]
**Sent:** 02/15/2008 02:04 PM EST
**To:** Leni Battaglia
**Cc:** Christopher Parlo; Hoffman, Piper" <ph@outtengolden.com>; Bien, Rachel"
<rmb@outtengolden.com>; Michael Puma
**Subject:** RE: Gold V. Clear Channel--stipulation re: amending the complaint

Leni,

In our last telephone call, Chris agreed to stipulate to the filing of the Amended Complaint, but I understand that he has been in transit and needs to review the stipulation. Since we are running up against a deadline, please let us know whether you will agree to the stipulation by the end of the day.

As we discussed on the phone yesterday, both your and our offices are closed on Monday for the holiday. If I don't hear from you, I will proceed with filing both the request for leave and the Amended Complaint on Tuesday morning.

I'd be happy to speak with either you or Chris regarding any comments or questions you may have about the additional language we added.

Thanks,
Cara

*Cara E. Greene, Esq.*
*Outten & Golden LLP*
*Advocates for Workplace Fairness*
*3 Park Ave., 29th Floor*
*New York, NY 10016*

2/19/2008

*212-245-1000*
*212-977-4005 [F]*
*http://www.outtengolden.com*

*This e-mail and any attachments are confidential and are intended solely for the use of the addressee(s). This communication may contain material that is protected by the attorney-client privilege or other privileges or doctrines. If you are not the addressee or an addressee's agent, you may not use, disseminate, forward, print, or copy this e-mail; doing so may violate the addressee's rights. If you have received this e-mail in error, please notify us immediately by e-mail, og@outtengolden.com, or by telephone, 212-245-1000. Thank you.*

**From:** lbattaglia@morganlewis.com [mailto:lbattaglia@morganlewis.com]
**Sent:** Friday, February 15, 2008 11:17 AM
**To:** Greene, Cara
**Cc:** cparlo@morganlewis.com; Hoffman, Piper; Bien, Rachel; mpuma@morganlewis.com
**Subject:** Re: Gold V. Clear Channel--stipulation re: amending the complaint


Dear Cara,

Chris is currently on a plane that took-off this morning. He will not land and will otherwise not have access to a computer until later this afternoon. Chris needs to review the letter as it is not just a request to consent and has indicated he will do so later tonight.

Regards,

**Leni D. Battaglia| Morgan Lewis & Bockius LLP**

101 Park Avenue | New York, NY 10178

Direct: 212.309.7177 | E-Fax: 212-309-6001 | lbattaglia@morganlewis.com


| "Greene, Cara" <CEG@outtengolden.com> | To lbattaglia@morganlewis.com, cparlo@morganlewis.com |
|---|---|
| 02/15/2008 10:46 AM | cc "Hoffman, Piper" <ph@outtengolden.com>, "Bien, Rachel" <rmb@outtengolden.com> |
| | Subject Gold V. Clear Channel--stipulation re: amending the complaint |


Leni,

I haven't heard back from you re: the stipulation to file the amended complaint. I'd like to get that to the Judge today, since we are heading into a long weekend. Please let me know by noon if you consent to the filing of this stipulation with our request for leave to file the amended complaint.

Thanks,

Cara

*Cara E. Greene, Esq.*


2/19/2008

*Outten & Golden LLP*

<u>*Advocates for Workplace Fairness*</u>
*3 Park Ave., 29th Floor*

*New York, NY 10016*
*212-245-1000*
*212-977-4005 [F]*
<u>*http://www.outtengolden.com*</u>

*This e-mail and any attachments are confidential and are intended solely for the use of the addressee(s). This communication may contain material that is protected by the attorney-client privilege or other privileges or doctrines. If you are not the addressee or an addressee's agent, you may not use, disseminate, forward, print, or copy this e-mail; doing so may violate the addressee's rights. If you have received this e-mail in error, please notify us immediately by e-mail, og@outtengolden.com, or by telephone, 212-245-1000. Thank you.*

DISCLAIMER
This e-mail message is intended only for the personal
use of the recipient(s) named above. This message may
be an attorney-client communication and as such privileged
and confidential.  If you are not an intended recipient,
you may not review, copy or distribute this message. If
you have received this communication in error, please
notify us immediately by e-mail and delete the original
message.

DISCLAIMER
This e-mail message is intended only for the personal
use of the recipient(s) named above. This message may
be an attorney-client communication and as such privileged
and confidential.  If you are not an intended recipient,
you may not review, copy or distribute this message. If
you have received this communication in error, please
notify us immediately by e-mail and delete the original
message.

2/19/2008