**Outten & Golden LLP**
Adam T. Klein (AK 3293)
Piper Hoffman (PH 4990)
Cara E. Greene (CG 0722)
Rachel Bien (RB 6919)
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: 212-245-1000

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

_____

**HYLA GOLD,** individually, and on behalf of all others similarly situated as class representative,

                              Plaintiff,

   -against-

**CLEAR CHANNEL COMMUNICATIONS, INC.** and
**CLEAR CHANNEL OUTDOOR HOLDINGS, INC.,**

                             Defendants.

**07-CIV-8204 (DLC)**

**MOTION FOR RECONSIDERATION**

_____

## INTRODUCTION

Pursuant to Local Rule 6.3, Plaintiff respectfully moves for a reconsideration of the Court's ruling of March 7, 2008, denying Plaintiff contact information for putative class and collective members ("Contact Information"). A court may reconsider its earlier order if it overlooked controlling decisions or data -- "matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255 (2d Cir. 1995) (citing *Schonberger v. Serchuk,* 742 F. Supp. 108, 119 (S.D.N.Y. 1990); *Adams v. United States,* 686 F. Supp. 417, 418 (S.D.N.Y. 1988). In this case, the Court did not consider relevant case law supporting the discoverability of the Contact Information.

## BACKGROUND

This is a Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") putative class and collective action brought on behalf of sales representatives who were not paid overtime for hours they worked in excess of 40 hours per workweek. The parties agreed to expedite some discovery in order to attempt to settle this matter and to avoid the costs of further litigation. In an effort to limit discovery during this expedited phase, the parties agreed to confine their document requests to those that are necessary to evaluate their claims and defenses and to represent their respective clients at the settlement conference.

As part of this targeted discovery, Plaintiff requested that Defendants produce contact information for their former and current employees who fall within the class definition in the Complaint. Defendants refused to provide the Contact Information and on March 7, 2008, the Court conducted two telephonic conferences to address the matter. The Court declined to compel the production of the Contact Information at that time.

## ARGUMENT

Discovery of the Contact Information is necessary at this stage because anecdotal evidence from putative class and collective members is necessary to evaluate the merits and damages of the case for settlement discussions. Plaintiffs do not seek the Contact Information in order to send out notice of the pending action; at a later time, if settlement discussions are unsuccessful, Plaintiff will petition the Court for permission to send class-wide notice. At this point, Plaintiff requests the information in order to gather evidence related to putative class and collective members' job duties, their manner of compensation, and the number of hours worked.

The Contact Information is pertinent to settlement discussions because Defendant has not kept track of the hours its employees worked and has represented that log-in/log-out data is

"unhelpful." (Transcript of March 7, 2008 Conference, 7:15-20.) Therefore, the best source of information regarding putative class and collective members' work hours and job duties is the individuals themselves. Furthermore, it is especially important that Contact Information for Local Account Executives be produced so that Plaintiffs may determine whether Local Account Executives fall within the class at all for purposes of settlement discussions. That inquiry turns on the nature of the Local Account Executives' duties and on where they performed the duties and how long it took, which again is information best obtained from the employees themselves. If Defendants' assertion that Local Account Executives are not within the class is true, then Defendants are not harmed or prejudiced by Plaintiff verifying this assertion through communications with Local Account Executives. If, however, Defendants' assertion is merely a ruse, than Plaintiff would be prejudiced by being unable to speak with Local Account Executives, since Plaintiff would not know the full scope of liability and damages prior to discussing any possible settlement.

Courts routinely order defendants to produce contact information for co-workers and other employees who may be similarly situated to plaintiffs in employment class and collective actions as part of discovery, before any motion for certification is filed. *See Hill v. Gristede's Operating Corp.*, 1:06-cv-10197 (LTS/HP), docket no. 48 (S.D.N.Y. Feb. 1, 2008) (ordering production of class information prior to class certification motion); *Stillman v. Staples, Inc.,* No. 07-849, 2007 U.S. Dist. LEXIS 58873, at *4 (D.N.J. July 30, 2007) (ordering defendant to provide the "names, last known home addresses and home telephone numbers, and email addresses of formerly and currently-employed" similarly situated individuals prior to certification); *Allen v. Accredited Home Lenders*, No. 3-06-0921, 2007 U.S. Dist. LEXIS 87259, at *8-9 (M.D. Tenn. Apr. 23, 2007); *Wiegele v. Fed Ex Ground Pkg. Sys.*, 2007 U.S. Dist. LEXIS

3

9444, at *3 (S.D. CA Feb. 8, 2007) (approving plaintiffs' motion to compel list of employees prior to certification); *Morden v. T-Mobile USA, Inc.*, C05-2112, 2006 U.S. Dist. LEXIS 42047, at *8 (W.D. Wash. June 22, 2006) (granting plaintiffs' motion to compel list of employees without a motion for conditional certification pending); *Hammond v. Lowe's Home Centers, Inc.*, 216 F.R.D. 666, 672-73 (D. Kan. 2003) (ordering production of list of co-workers prior to certification); *Kane v. Gage Merch. Servs., Inc.*, 138 F. Supp. 2d 212, 215 (D. Mass. 2001) (ordering defendant to provide names and addresses of its employees); *Tucker v. Labor Leasing, Inc.*, 155 F.R.D. 687, 690 (M.D. Fla. 1994) ("the evidence of record doesn't justify denying any party equal access to persons who potentially have an interest in or relevant knowledge of the subject of the action, but who are not yet parties") (quoting [?] *Atari, Inc. v. Superior Court*, 166 Cal. App. 3d 867, 869 (Cal. Ct. App. 1985)); *EEOC v. Lexus of Serramonte*, NO. C 05-0962, 2006 U.S. Dist. LEXIS 66438 (N.D. Cal. Sept. 5, 2006) (ordering defendant to produce class contact information to the EEOC); *Putnam v. Eli Lilly & Co.*, 508 F. Supp. 2d 812 (C.D. Cal. 2007).

      The Federal Rules support discovery of the Contact Information, as it is relevant to Plaintiff's claims and is reasonably calculated to lead to the discovery of admissible evidence. *See* Fed. R. Civ. P. 26(b)(1); *Oppenheimer Fund v. Sanders*, 437 U.S. 340, 351 n.13 (1978) (discussing discoverability of class contact information and stating "discovery often has been used to illuminate issues upon which a district court must pass in deciding whether a suit should proceed as a class action under Rule 23, such as numerosity, common questions, and adequacy of representation"); *see also Caridad v. Metro N. Commuter R.R.*, 191 F.3d 283, 292 (2d Cir. 1999) (discussing the use of anecdotal evidence in a class case prior to certification). Further, the

Contact Information is easily obtainable through Defendants' database systems and is not available from any other source.  *See* Fed. R. Civ. P. 26(b)(2)(C).

In *Oppenheimer*, the Supreme Court specifically noted that "there may be instances where [class contact information] could be relevant to issues that arise under Rule 23 . . . or where a party has reason to believe that communication with some members of the class could yield information bearing on these or other issues." *Id.* at 354 n.20.  Communication with putative class members at this time will yield information bearing on the merits of the case and any resulting damages and will allow Plaintiff to make informed decisions as part of settlement discussions.

## CONCLUSION

Therefore, we respectfully request that this Court reconsider its earlier order and compel Defendants to produce the last known addresses, telephone numbers, and Social Security numbers for all or a representative sample of putative class and collective members, including Local Account Executives.

Dated: March 20, 2008
       New York, New York

>                   Respectfully submitted,
>
>           By:     /s/ Piper Hoffman_____
>
>                   **Outten & Golden LLP**
>                   Adam T. Klein (AK 3293)
>                   Piper Hoffman (PH 4990)
>                   Cara E. Greene (CG 0722)
>                   Rachel Bien (RB 6919)
>                   3 Park Avenue, 29th Floor
>                   New York, New York 10016
>                   Telephone:  (212) 245-1000
>
>                   **Attorneys for Plaintiff and the Putative Class**