```
                              1
     837TGOLC          Conference
 1   UNITED STATES DISTRICT COURT
 1   SOUTHERN DISTRICT OF NEW YORK
 2   ------------------------------x
 2
 3   HYLA GOLD, Individually and on
 3   behalf of all others similarly
 4   situated as class
 4   representative,
 5
 5             Plaintiff,
 6
 6        v.                  07 CV 8204 (DLC)
 7
 7   CLEAR CHANNEL COMMUNICATIONS,
 8   INC. and CLEAR CHANNEL OUTDOOR
 8   HOLDINGS, INC.,
 9
 9             Defendants.
10
10   ------------------------------x
11                           New York, N.Y.
11                           March 7, 2008
12                           10:00 a.m.
12
13   Before:
13
14             HON. DENISE L. COTE,
14
15                           District Judge
15
16        APPEARANCES (Telephonic)
16
17   OUTTEN & GOLDEN
17        Attorneys for Plaintiff
18   BY:  PIPER HOFFMAN
18
19   MORGAN, LEWIS & BOCKIUS
19        Attorneys for Defendants
20   BY:  CHRISTOPHER PARLOW
20        MICHAEL PUMA
21
22
23
24
25
```

6
837TGOLC              Conference
1            But Mr. Parlow, am I correct, defendants have not
2    agreed to provide any contact information?
3            MR. PARLOW:  Your Honor, don't want to jump in unless
4    it's okay to.
5            THE COURT:  Okay.  Well, so Ms. Hoffman, great.  So
6    instead where we are is that you want a sampling for contact
7    information and log in, log out information?
8            MS. HOFFMAN:  We agreed with defendant to accept a
9    sampling of log in, log out information.  We would like contact
10   information for the entire putative class.
11           THE COURT:  Okay.  Mr. Parlow?
12           MR. PARLOW:  Your Honor, in order to have settlement
13   discussions and have them be productive we have agreed to
14   provide a sampling of the log in, log out data for the 81
15   people who we have identified as being within the national
16   account executive category, and that includes not only people
17   with a certain title but anyone who over a six-year period for
18   New York purposes and a three-year period for FLSA purposes had
19   any title in which any portion of their duties and
20   responsibilities involved national account functions.  So we
21   tried to be overly inclusive even though all those people might
22   not at the end of the day fall squarely within that category.
23           THE COURT:  Now Mr. Parlow, I didn't hear one word
24   that you said or the phrase.  You said you're providing this
25   data for national account executives not simply for those who

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

                                    7
    837TGOLC              Conference
 1  bore what title?
 2       MR. PARLOW:  That title, title of national account
 3  executive, because there are six or seven different titles
 4  across the country and different markets.  And so we didn't
 5  want to just look at someone who was semantically labeled
 6  national account executive.  So there are six or seven other
 7  titles within which individuals might perform some of those
 8  national account duties, and we have included those within the
 9  81 people in a chart that has an identifier for the person, at
10  plaintiff's request, the hire date, the termination date, all
11  of the compensation information for that person or those
12  persons for a six-year period and their title, and that's where
13  the plaintiffs will be able to see the titles are all
14  different.
15       We also agreed, in addition to all that information,
16  to produce log in, log out data on a sample basis because it's
17  very hard to collect.  And unilaterally we don't think it's
18  that helpful, but we wanted plaintiffs to be able to look at it
19  and to reach their own conclusions as to whether the burden of
20  sample data for more of the 81 people would be warranted.
21       We have also agreed -- and Ms. Hoffman is correct, we
22  haven't offered contact information for all 81 people.
23       THE COURT:  You have or haven't?
24       MR. PARLOW:  Have not.  But what we offered is after
25  plaintiffs reviewed the chart and could look at the diversity
              SOUTHERN DISTRICT REPORTERS, P.C.
                       (212) 805-0300

8

837TGOLC                Conference

1  that if they wanted further information regarding those people
2  we would work to get that. We also offered 30(b)(6)
3  depositions so they can analyze the data in the chart and talk
4  about hours and duties. And we didn't get there, but I also
5  don't have a problem with once they reviewed the chart, taken
6  the 30(b)(6) depositions, if they believed they needed to speak
7  to one or more of the individuals within the 81 then I think it
8  would be appropriate if they wanted to do so.
9       But our objection is to anything regarding the local
10 account executives who we had never believed were part of the
11 class, and from the first moment of settlement discussions I
12 told plaintiff's counsel we will not discuss them. We have no
13 interest in local account executives being part of the
14 settlement. We will litigate that. No Court or agency has
15 ever held that any local account executives who sell
16 advertising space are not exempt. So we believe this entire
17 process was to be focused on the 81 people we described in our
18 first conference with you.
19       And so we're at loggerheads over the attempt to expand
20 it. And if it is going to be expanded then we would not be
21 engaging in settlement discussions.
22       THE COURT: Okay. Now let me understand, Mr. Parlow,
23 then I will of course give you, Ms. Hoffman, an opportunity to
24 be heard. The 81, as far as you're concerned, is not a sample
25 of the national account executives but instead all of the