# EXHIBIT A

837TGOLC                    Conference

1   UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
2   ------------------------------x

3   HYLA GOLD, Individually and on
    behalf of all others similarly
4   situated as class
    representative,
5
                    Plaintiff,
6
            v.                              07 CV 8204 (DLC)
7
    CLEAR CHANNEL COMMUNICATIONS,
8   INC. and CLEAR CHANNEL OUTDOOR
    HOLDINGS, INC.,
9
                    Defendants.
10
    ------------------------------x
11                                          New York, N.Y.
                                            March 7, 2008
12                                          10:00 a.m.

13  Before:

14              HON. DENISE L. COTE,

15                                          District Judge

16              APPEARANCES (Telephonic)

17  OUTTEN & GOLDEN
        Attorneys for Plaintiff
18  BY:  PIPER HOFFMAN

19  MORGAN, LEWIS & BOCKIUS
        Attorneys for Defendants
20  BY:  CHRISTOPHER PARLOW
        MICHAEL PUMA
21

22

23

24

25

837TGOLC                        Conference

1                (In chambers)

2        THE COURT:  Good morning, counsel.

3        MR. HOFFMAN:  Good morning, your Honor.

4        MR. PARLOW:  Good morning, your Honor.

5        THE COURT:  I have you on speaker phone because I have

6   a court reporter with me and my law clerk.  Let's briefly take

7   appearances for the plaintiff.

8        MS. HOFFMAN:  Piper Hoffman of Outten & Golden.

9        THE COURT:  And for the defendants.

10       MR. PARLOW:  Christopher Parlow, P-A-R-L-O-W, and

11  Michael Puma, P-U-M-A, Morgan, Lewis & Bockius, LLP, 101 Park

12  Avenue, New York, New York, 10178 for the defendants.

13       THE COURT:  Thank you.

14            We're holding this conference call because I received

15  a letter of March 3rd from plaintiff's counsel concerning what

16  they characterize as a discovery dispute.

17            I understand, Mr. Parlow, that you got permission to

18  fax a letter to my chambers today.  However, it was not just

19  two pages and so I haven't read it and will not consider it.

20       MR. PARLOW:  Okay.

21       THE COURT:  So I want to explain, counsel, I know

22  you're aware of the limit on two pages.  There is actually a

23  reason for that.  When there are complicated issues I give the

24  parties an opportunity to be heard, as exemplified by this

25  conference call today, and I don't want counsel to spend their

837TGOLC                         Conference

1    client's money, their time or my energy in lengthy letter

2    writing campaigns.

3            I prefer if there is an issue that requires

4    significant Court review that you briefly describe your

5    positions in a letter, brief letter, no longer than two pages,

6    then I'll hear you out.  And if it's terribly complicated I'll

7    even bring you in and we'll have a conference in the robing

8    room and deal with the issues.  But I think that ultimately is

9    more efficient and cost effective for your clients.

10           MR. PARLOW:  Your Honor, this is Mr. Parlow.  May I

11   make one brief responsive point?

12           THE COURT:  Not to argue with the rule.

13           MR. PARLOW:  No, not to argue with the rule at all, I

14   think it's great rule, I think it saves clients and the Court a

15   lot of time and clients a lot of money.  I was acting out of an

16   abundance of caution because in another case I had with a judge

17   in the Southern District but up in White Plains what was framed

18   as a discovery dispute over contact information which I

19   approached with putting in a short letter ended up in an order

20   that the plaintiffs be permitted to send out notice to a class.

21   And so instead of what I believed was supposed to be a

22   discovery dispute it ended up being a decision on what should

23   have been a fully briefed motion for class and collective

24   certification.

25           So what we put in the first paragraph in our letter

4

837TGOLC                    Conference

1    was that although the Court limits to two pages letter

2    submissions regarding discovery disputes, what the plaintiff

3    characterizes as a discovery dispute is actually an attempt to

4    have a notice issue decided without full blown briefing.  And

5    what we were concerned about is a request for contact

6    information for a broad group of people, including people who

7    we don't believe are properly encompassed with any class of

8    collective action, and if the Court were to award that contact

9    information it's really a decision much akin to the preliminary

10   decision that would be reached in a collective action or the

11   ultimate decision in a class.  And so we approached it from

12   that standpoint.  We don't think that what is framed before you

13   today is a discovery dispute.

14        THE COURT:  Great.  So we're going to address the

15   issue now.  Again, there was nothing that you said, though,

16   that suggests to me that you shouldn't have kept your

17   submission to just two pages.

18        So you have really jumped ahead to address the merits,

19   which is the purpose of this conference call, but let me frame

20   the issue as I understand it based on the plaintiff's

21   submission.  It appears that counsel have agreed during this

22   first phase of fact discovery, which is to end on April 11th,

23   that they will be given contact information for a sampling of

24   putative class members, and also data reflecting the times when

25   those folks logged in and logged out of their computer

837TGOLC                     Conference

1    networks.  And the dispute, as I understand it, is whether that

2    same agreement can be applied to a particular category of

3    employees who bear the title local account executives.  And the

4    plaintiffs wish this information to test the proposition that

5    they are covered or not under what is called an outside

6    salesperson exemption which the defendant intends to rely upon.

7        Now I may not have correctly characterized it from the

8    defendants' point of view, but is that your position,

9    Ms. Hoffman?

10       MS. HOFFMAN:  My position is slightly different, your

11   Honor.  I don't believe that defendant has agreed to provide

12   contact information for any members of the class.  So in a way

13   we have a two-tiered issue here.  The first issue is, number

14   one, are local account executives going to be treated as part

15   of the class for the discovery phase; and then number two, what

16   data will defendant produce for the class as we're defining it?

17       THE COURT:  Well, you say -- I mean obviously we'll go

18   to the correct state of the record, but you say at the top of

19   page 2:  While defendants have agreed to provide contact

20   information and log in, log out data for some class members, et

21   cetera, they have refused to do so with respect to one

22   category.

23       So what did I misunderstand there?

24       MS. HOFFMAN:  Your Honor, I believe that was a

25   misstatement in my letter, for which I apologize.

837TGOLC                    Conference

1          But Mr. Parlow, am I correct, defendants have not

2     agreed to provide any contact information?

3          MR. PARLOW:  Your Honor, don't want to jump in unless

4     it's okay to.

5          THE COURT:  Okay.  Well, so Ms. Hoffman, great.  So

6     instead where we are is that you want a sampling for contact

7     information and log in, log out information?

8          MS. HOFFMAN:  We agreed with defendant to accept a

9     sampling of log in, log out information.  We would like contact

10    information for the entire putative class.

11         THE COURT:  Okay.  Mr. Parlow?

12         MR. PARLOW:  Your Honor, in order to have settlement

13    discussions and have them be productive we have agreed to

14    provide a sampling of the log in, log out data for the 81

15    people who we have identified as being within the national

16    account executive category, and that includes not only people

17    with a certain title but anyone who over a six-year period for

18    New York purposes and a three-year period for FLSA purposes had

19    any title in which any portion of their duties and

20    responsibilities involved national account functions.  So we

21    tried to be overly inclusive even though all those people might

22    not at the end of the day fall squarely within that category.

23         THE COURT:  Now Mr. Parlow, I didn't hear one word

24    that you said or the phrase.  You said you're providing this

25    data for national account executives not simply for those who

837TGOLC                          Conference

1   bore what title?

2       MR. PARLOW:  That title, title of national account

3   executive, because there are six or seven different titles

4   across the country and different markets.  And so we didn't

5   want to just look at someone who was semantically labeled

6   national account executive.  So there are six or seven other

7   titles within which individuals might perform some of those

8   national account duties, and we have included those within the

9   81 people in a chart that has an identifier for the person, at

10  plaintiff's request, the hire date, the termination date, all

11  of the compensation information for that person or those

12  persons for a six-year period and their title, and that's where

13  the plaintiffs will be able to see the titles are all

14  different.

15      We also agreed, in addition to all that information,

16  to produce log in, log out data on a sample basis because it's

17  very hard to collect.  And unilaterally we don't think it's

18  that helpful, but we wanted plaintiffs to be able to look at it

19  and to reach their own conclusions as to whether the burden of

20  sample data for more of the 81 people would be warranted.

21      We have also agreed -- and Ms. Hoffman is correct, we

22  haven't offered contact information for all 81 people.

23      THE COURT:  You have or haven't?

24      MR. PARLOW:  Have not.  But what we offered is after

25  plaintiffs reviewed the chart and could look at the diversity

837TGOLC                    Conference

1    that if they wanted further information regarding those people

2    we would work to get that.  We also offered 30(b)(6)

3    depositions so they can analyze the data in the chart and talk

4    about hours and duties.  And we didn't get there, but I also

5    don't have a problem with once they reviewed the chart, taken

6    the 30(b)(6) depositions, if they believed they needed to speak

7    to one or more of the individuals within the 81 then I think it

8    would be appropriate if they wanted to do so.

9         But our objection is to anything regarding the local

10   account executives who we had never believed were part of the

11   class, and from the first moment of settlement discussions I

12   told plaintiff's counsel we will not discuss them.  We have no

13   interest in local account executives being part of the

14   settlement.  We will litigate that.  No Court or agency has

15   ever held that any local account executives who sell

16   advertising space are not exempt.  So we believe this entire

17   process was to be focused on the 81 people we described in our

18   first conference with you.

19        And so we're at loggerheads over the attempt to expand

20   it.  And if it is going to be expanded then we would not be

21   engaging in settlement discussions.

22        THE COURT:  Okay.  Now let me understand, Mr. Parlow,

23   then I will of course give you, Ms. Hoffman, an opportunity to

24   be heard.  The 81, as far as you're concerned, is not a sample

25   of the national account executives but instead all of the

837TGOLC                    Conference

1   employees who would fall within that category, whatever title
2   they might bear.
3           MR. PARLOW:  Yes, there are 81 across the United
4   States any time during the two applicable statute of
5   limitations periods, and there are 16 who we have separately
6   identified in the chart as being in New York over a six-year
7   period, even though currently today there are only two
8   individuals who would fall within the New York class.  And we
9   did it that way, your Honor, because the case currently
10  involves both a collective action allegation and a class
11  allegation -- a New York class, sorry.
12          THE COURT:  Right.
13          MR. PARLOW:  And it's everybody.
14          THE COURT:  Okay.  So if I understand it correctly,
15  also with the prior stipulation, which I believe I so ordered,
16  the defendant has agreed to waive the statute of limitations
17  period in this lawsuit.
18          MR. PARLOW:  For anybody, your Honor, who would opt in
19  under the FLSA.  And that would include anyone within that
20  group of 81, and if it need be at some point in time, expand
21  this to the local AE's, that would apply to them as well.  We
22  didn't limit it.
23          THE COURT:  So that's the point I wanted to get at.
24  If ultimately settlement discussions fail and we go into full
25  fledged discovery and briefing with respect to notice and I

837TGOLC                    Conference

1   decide as a legal matter that local account executives can be

2   brought into this lawsuit and notice is given to them and

3   contact information is therefore provided, that at that point

4   they will not be facing any statute of limitations problem

5   beyond those that they faced at the time the stipulation was

6   signed.

7        MR. PARLOW:  With one caveat, your Honor, the

8   stipulation provides that that tolling period is to expire two

9   weeks after the settlement conference.  However, if that were

10  the way this unfolded we would agree, and I can agree on the

11  call now, that that tolling would be extended for those

12  purposes until such time as your Honor were permitted to

13  analyze and rule upon those questions that you just raised.

14  Otherwise it would not be fair.

15       THE COURT:  I think that's a significant point, and I

16  appreciate you recognizing that, Mr. Parlow, because if the

17  clock is going to start ticking then we should have the motion

18  practice and get it resolved promptly.

19       MR. PARLOW:  Absolutely.  And that is what we

20  discussed during that first conference.  And I have been the

21  one that asked that that be slightly delayed and we would not

22  try to use that to our unfair advantage.

23       THE COURT:  Okay.  So Ms. Hoffman, with the

24  understandings that have just been placed on the record today

25  that in effect the statute of limitations period will be tolled

837TGOLC                    Conference

1   through motion practice for the local account executives, why

2   shouldn't we accept the two-stage litigation plan that counsel

3   have agreed upon to see if this case can be settled essentially

4   between the period of mid April and mid June.

5        MS. HOFFMAN:  The problem, your Honor, is that the way

6   that defendant has just laid it out we would be having

7   settlement discussions in the near future only for national

8   account executives and not for local account executives who

9   make up the majority of the class.  And we're not in a position

10  to settle the case on behalf of just a fraction of our class.

11       THE COURT:  Do you have a named plaintiff who is a

12  local account executive?

13       MS. HOFFMAN:  Our named plaintiff did serve as a local

14  account executive and we have from the beginning included them

15  in the complaint and in discussions with defendants' counsel.

16  While they have said they would not include local account

17  executives in their data, we have said that we intend for them

18  to include them and we will do what is necessary to get them

19  included.

20       THE COURT:  So in essence, Ms. Hoffman, your position

21  is if the defendants don't include it then you don't want to

22  engage in settlement discussions now, you prefer to go to

23  briefing on the notice issue and get that resolved and press on

24  across the board with respect to both national and local

25  account executives.

1       MS. HOFFMAN: Unfortunately, yes. As much as I would

2  love to go into settlement discussions at this point and

3  resolve this case quickly, as I said, I can't do that for just

4  a fraction of the class.

5       THE COURT: So Mr. Parlow, the ball is in your court.

6  We revised the schedule now and set a motion schedule for

7  briefing the notice issue and get that revolved promptly with

8  the stay of the statute of limitations until that's resolved,

9  or you agree to provide sampling information for local account

10  executives to see if that assists in early settlement

11  negotiations.

12       MR. PARLOW: Well, your Honor, I don't want to end

13  things without a little exploration. You said sampling

14  information. The log in, log out data we think is not going to

15  be very productive, but I wouldn't want things to blow up over

16  that. So if what this takes to have a conference with Judge

17  Dolinger over the national account executive is providing some

18  sampling data of log in and log out on the local AE's as well,

19  that's a small issue to us, and we certainly could do that.

20       THE COURT: Well, why don't counsel engage in a meet

21  and confer today and if you can resolve this, great. Otherwise

22  I'll hear from you later this afternoon on a continuation of

23  this conference call and we'll set a revised schedule for the

24  case.

25       MR. PARLOW: Okay.

837TGOLC                        Conference

1          THE COURT:  Thank you, counsel.

2          MR. PARLOW:  Thank you, your Honor.

3          MS. HOFFMAN:  Thank you, your Honor.

4          (Proceedings adjourned)

5          (Continued on next page)

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

837TGOLC                         Conference

1          (Telephone conference continued)

2          (Robing room conference)

3          THE COURT:  Counsel, I have you on the speaker phone.

4    We have a court reporter and my law clerk is with me.

5          For the plaintiff we have Piper Hoffman and for the

6    defendant Mr. Parlow and Mr. Puma.

7          Let me ask you, Ms. Hoffman, we had an initial

8    conference this morning on the record.  I had a brief telephone

9    conference after that without a court reporter in which the

10   parties reported to me that they had been unable to reach an

11   agreement and therefore I called for a court reporter to

12   return.

13         Are the parties' positions, Ms. Hoffman, much as was

14   described to me during the brief phone call before the court

15   reporter returned or has there been a further change?

16         MS. HOFFMAN:  There has been no change, your Honor.

17         THE COURT:  Okay.

18         So as I understood it, the parties had failed to reach

19   agreement with respect to the scope of discovery that would

20   take place before settlement discussions and therefore I had

21   suggested that the plaintiff proceed to brief providing notice

22   to potential members of the collective action.  Ms. Hoffman

23   said she did not want to do that.  She wanted instead to brief

24   the narrower issue of whether or not there would be discovery

25   with respect to class of employees called local account

837TGOLC                    Conference

1   executives.  I indicated that I did not want a motion with

2   respect to discovery; that plaintiff's counsel either had a

3   named representative who could support motion for notice or

4   they did not, and at that point I said we would call for a

5   court reporter.

6           Ms. Hoffman, is there anything you want to add?

7           MS. HOFFMAN:  There is.

8           Your Honor, it's the plaintiff's burden to prove that

9   we are entitled to notice under 216(b) and under Rule 23 and in

10  order to carry out that burden it helps enormously for us to

11  have discovery.  We do have an adequate named representative

12  who is entirely able to explain the facts and the situation and

13  support our motion in this case.  But there is no reason we

14  should be forced to rely exclusively on our one named

15  plaintiff.  It's routine in cases like this to have discovery

16  before we get to the point of briefing the issue of notice and

17  without that plaintiffs are hobbled because it is our burden to

18  prove those issues.  So I think it's premature at this point to

19  go straight into briefing the notice issue.

20          THE COURT:  Well, Ms. Hoffman, I am not going to give

21  you discovery of the contact information because that is the

22  whole point of whether or not the notice can be provided.

23          MS. HOFFMAN:  With all due respect, your Honor, that

24  is not the point of notice.  The point of getting approval for

25  notice is, first of all, to have court approval and send a

837TGOLC                     Conference

1    mailing to the class members that this is a matter that is

2    approved by the court and, second of all, to inform them about

3    the case and what their options and rights and duties are.

4         What we are proposing is not a mass notice to the

5    class.  We are seeking to interview individual members of the

6    class about the facts and if defendants are correct, then what

7    we will find through those interviews is that in fact these are

8    exempted individuals.  But the mere fact that defendants are

9    defending themselves, are saying that in fact these individuals

10   are exempt and are not entitled to overtime, of course they are

11   doing that.  That is their job.  That is what they would do in

12   any case, but that alone doesn't mean we should be cut off from

13   any ability to prove our case.

14        And I would also suggest that I have no doubt that

15   defendant will submit in their opposition to any notice motion

16   what we call happy camper decks, which means they will speak

17   with the local account executives themselves and they will

18   collect as many declarations as they can from members of this

19   class talking about why they believe that defendants' position

20   is correct.  So this would allow defendant to use that contact

21   information as both a sword and a shield because they won't

22   give us access to it but they would exploit it themselves.

23             THE COURT:  Mr. Parlow.

24             MR. PARLOW:  I have no comment, your Honor.

25             THE COURT:  I am sorry?

837TGOLC                          Conference

1          MR. PARLOW:  I have no comment, your Honor.

2          THE COURT:  Okay.

3          So, Ms. Hoffman, I am not going to order the defendant

4    to provide the contact information for local account

5    executives.

6          What do you want to do?

7          MS. HOFFMAN:  Well, in that case I would like to just

8    proceed with discovery.

9          THE COURT:  What does that mean?

10         MS. HOFFMAN:  That means that, for example, all the

11   discovery that defendants say they have collected so far they

12   have not yet produced to me.  I would like to see the discovery

13   at least about the few class members that they are willing to

14   produce it about.

15         THE COURT:  Okay.

16         Well, Ms. Hoffman, as I understand it the schedule

17   that counsel had agreed upon was a first phase of discovery to

18   be completed by April 11 to be followed by settlement

19   discussions and then a conference with me on June 13 if the

20   case wasn't resolved.

21         Are you saying that you don't want to phase discovery

22   that way, you want full discovery, to the extent you believe

23   you are entitled to it, to begin now?

24         MS. HOFFMAN:  Your Honor, your ruling effectively·

25   reduces the size of my class.  So at this point I would say

837TGOLC                      Conference

1   let's continue with the schedule that we had laid out for the

2   national account executives and I will take the discovery that

3   defendant offered about local account executives, including the

4   30(b)(6) deposition and the log-in and log-out data.

5          THE COURT:  Okay.  Fine.

6          So we are back on track with the schedule described in

7   the January 22nd scheduling order.

8          Counsel, continue your meet and confer process.  I am

9   available to you if you have any further difficulties.

10         Thanks so much.

11         Good luck.

12         MS. HOFFMAN:  Thank you.

13

14

15                              - - -

16

17

18

19

20

21

22

23

24

25