# EXHIBIT B

# OUTTEN & GOLDEN LLP

*Advocates for Workplace Fairness*

Wayne N. Outten
Anne Golden
Adam T. Klein
Laurence S. Moy
Gary Phelan
Kathleen Peratis
Piper Hoffman
Justin M. Swartz

*Of Counsel*
Jack A. Raisner
Allegra L. Fishel
Lewis M. Steel
Wendi S. Lazar
Nantiya Ruan
Deborah L. McKenna
René S. Roupinian

Rachel M. Bien
Cara E. Greene
Mark R. Humowiecki
Carmelyn P. Malalis
Stephanie M. Marnin
Tammy Marzigliano
Ossai Miazad
ReNika C. Moore
Linda A. Neilan
Tara Lai Quinlan
Anjana Samant

January 18, 2008

**Via Hand Delivery**
Hon. Denise L. Cote
United States District Court
500 Pearl Street, Room 1040
New York, New York 10007

Re: <u>Gold v. Clear Channel Communications, Inc., et. al., 07-8204 (DLC)</u>

Dear Judge Cote:

We represent the Plaintiff, Hyla Gold, in the above-referenced matter. We write on behalf of the parties to propose a targeted discovery schedule and other terms governing the targeted discovery process.

**A.     Targeted Discovery Schedule**

January 18, 2008:    The parties will exchange proposed targeted discovery requests.

January 25, 2008:    The parties will exchange Initial Disclosures pursuant to Rule 26(a).

The parties will conduct a meet and confer during which they will attempt to resolve any objections to the proposed discovery requests. If the parties cannot reach an agreement about one or more discovery requests, they will



3 Park Avenue, 29th Floor      New York, NY 10016   Tel 212-245-1000   Fax 212-977-4005
4 Landmark Square, Suite 201   Stamford, CT 06901   Tel 203-363-7888   Fax 203-363-0333
og@outtengolden.com   www.outtengolden.com

Hon. Denise L. Cote
January 18, 2008
Page 2 of 3

|  |  |
|---|---|
|  | submit a letter to Judge Cote of no more than two pages describing all disputes. |
| February 20, 2008: | Responses must be produced for discovery requests for which (1) there is no dispute and/or (2) Judge Cote has resolved any dispute. With respect to each discovery dispute not resolved by Judge Cote prior to February 13, 2008, responses must be produced within 7 days after the resolution of such dispute. |
| April 7, 2008: | Deadline by which the parties must conduct depositions during the targeted discovery process, if such depositions are necessary. |
| May 5, 2008: | The parties will contact Magistrate Judge Dolinger to schedule a settlement conference. |
| TBD: | Settlement conference with Magistrate Judge Dolinger. |

**B.   Terms to which the Parties Agree**

In addition to the above schedule, the parties also have agreed that the following terms will govern the targeted discovery process:

(1) The parties shall be entitled to serve additional discovery requests, if necessary, in the event that the settlement conference is unsuccessful.

(2) Defendants shall be entitled to depose Plaintiff before any other depositions are taken in the targeted discovery process.

(3) The parties agree to limit their requests for depositions during the targeted discovery process only to depositions that are reasonably necessary for the settlement conference.

(4) The parties shall be entitled to notice additional depositions following the targeted discovery stage, if necessary, in the event that the settlement conference is unsuccessful.

(5) There shall be no motion for summary judgment filed prior to the settlement conference and no motion for notice and conditional certification filed prior to the settlement conference.

(6) Service of documents by email and/or overnight mail is effective service and is complete upon emailing or mailing.

Hon. Denise L. Cote
January 18, 2008
Page 3 of 3

(7) The parties agree that the FLSA claims of any putative collective action class members who ultimately opt-in to the above-referenced action, by settlement or otherwise, will be tolled from January 18, 2008, through a date two weeks after the settlement conference.

Thank you for your consideration of this matter.

Respectfully submitted,

Piper Hoffman

cc: Michael Puma, Esq.